DONALD MACLEAN v. JOHN J. SPEED, A CIRCUIT JUDGE FOR WAYNE COUNTY.

*Writ of prohibition—mandamus—co-ordinate jurisdiction.*

1. When a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority,

52 MICH.—17

| 52 | 257 |
| --- | --- |
| 63 | 463 |
| 52 | 257 |
| 79 | 387 |
| 52 | 257 |
| 82 | 92 |
| 52 | 257 |
| 95 | 247 |
| 52 | 257 |
| 106 | 256 |
| 52 | 257 |
| 117 | 199 |
| 52 | 257 |
| 124 | 655 |
| 52 | 257 |
| e141 | 4 60 |
| 52 | 257 |
| f151 | 1 126 |

until the matter is finally and completely disposed of; and mean-
while no court of co-ordinate authority is at liberty to interfere with
its action.

2. A bill will not lie in one court to cancel a judgment entered in a court
of co-ordinate jurisdiction if the latter court was competent to dis-
pose of the case.

3. Mandamus lies to vacate an order made in one court to restrain com-
petent proceedings in a court of co-ordinate jurisdiction.

4. The writ of prohibition issues to stay proceedings begun in one court
to cancel a judgment entered by a competent court of co-ordinate
jurisdiction.

Application for writs of mandamus and prohibition. Sub-
mitted February 5, 1884. Granted February 8.

*H. Russel, O. Kirchner* and *C. I. Walker* for relator.

*Isaac Marston* against.

COOLEY, C. J. This is an application for a mandamus to
vacate a restraining order made by the respondent in a suit
instituted in the Wayne circuit court in chancery, by James
E. Scripps against the relator, and also for a writ of prohibi-
tion to stay further proceedings in that suit. Respondent
has filed his answer to the application, and counsel have
been heard upon it.

The important facts upon which the application is based
may be briefly stated. The relator, in an action instituted
by him in the Superior Court of Detroit, recovered against
Scripps a considerable judgment. The Superior Court is a
court of jurisdiction in matters of law and equity co-ordi-
nate with that of the circuit courts of this State, and limited
only territorially. After the recovery a motion was made
by the defendant for a new trial, which was argued in the
Superior Court and denied. The defendant then removed
the case to this Court by writ of error, and at the last Octo-
ber term the judgment of the Superior Court was affirmed.
At the present term a motion was made and argued for a
rehearing, which was denied. The purpose of these pro-
ceedings in this Court was of course to obtain a new trial.

While this was the position of the case, the suit was instituted in the Wayne circuit court. The bill alleges misconduct in the jury in the principal suit, and asks to have the judgment canceled because of it. Though not in terms praying for a new trial, the bill manifestly has that for its purpose, and is as much a bill for a new trial as if that had been the relief expressly prayed. From this statement of facts it will be very evident the circuit judge has made a mistake in assuming jurisdiction of the case and making orders in it. The matter is not one which, under the circumstances, can come under his cognizance; other courts have control of the controversy with all its incidents, and have ample competency to do in respect to it whatever may remain to be done. It is a familiar principle that when a court of competent jurisdiction has became possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely. The country has witnessed some such conflicts in which Federal and state courts of co-ordinate powers have unguardedly or unadvisedly undertaken to hamper or restrain each other's action; and the mischiefs of which such cases are suggestive are quite as likely to arise when courts existing as part of the same system intrude with their process upon each other's authority.

The writs prayed for should issue.

The other Justices concurred.