[No. 3436. Decided February 24, 1900.]

THE STATE OF WASHINGTON, *on the Relation of William* MITCHELL *et al., Respondents,* v. J. E. HORAN *et al., Appellants.*

QUO WARRANTO PROCEEDINGS—AGAINST OFFICERS OF PRIVATE CORPORA-
TION—PROPER PARTIES.

Under Bal. Code, §§ 5780, 5781, providing that an information may be filed against any person who shall unlawfully hold or exercise any office in any domestic corporation, which information may be filed by the prosecuting attorney, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, "or by any other person on his own relation, whenever he claims an interest in the office, franchise or corporation which is the subject of the information," the stockholders of a corporation have such an interest in the offices as will warrant them in proceeding by information in the nature of *quo warranto* for the purpose of ousting those illegally holding office.

CORPORATIONS—REMOVAL OF TRUSTEES—RIGHTS OF STOCKHOLDERS.

Bal. Code, § 4255, which provides that "It shall be competent at any time, for two-thirds of the stockholders of any corporation organized under this chapter to expel any trustee from office and to elect another to succeed him," must be construed, in view of all the other provisions of the same chapter governing the manner of voting shares of stock, and in the absence of any by-law making a different provision, as requiring a vote of two-thirds of the shares of stock, instead of two-thirds of the stockholders, in order to expel a trustee from office.

Appeal from Superior Court, Snohomish County. — Hon. FRANK T. REID, Judge.    Affirmed.

*Cooley & Horan,* for appellants.

*Preston, Carr & Gilman,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The defendants, appellants here, were the trustees of the Kootenay Consolidated Mining Company, a corporation.    During their term of office they were removed as such trustees, and other trustees were elected to fill the vacancies.    The appellants refused to vacate their positions as trustees, and this proceeding in quo warranto was brought in the name of the State of Washington *ex rel.* the respondents, for the purpose of ousting said appellants from their positions.    Upon the hearing of the cause, judgment of ouster was rendered, from which judgment this appeal is taken.

The first contention of the appellants is that the relators have no standing to maintain this proceeding, being stockholders in the corporation.    Section 5781, Bal. Code, provides that the information may be filed by the prosecuting attorney in the superior court of the proper county upon his own relation whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority, or by any other person in his own relation, whenever he claims an interest in the office, franchise, or corporation which is the subject of the information.    We think this statute is sufficiently comprehensive to empower the stockholders in a corporation to bring this action.

The case of *Mills v. State ex rel. Smith,* 2 Wash. 566 (27 Pac. 569), is cited and relied upon by both the appellants and the respondents, but a recurrence to that case shows that it was not decisive of the question raised here. That case involved the title to an office in a branch of the

government, viz., the office of councilman of the city of Vancouver; but nothing that is said there could, as we consider it, affect the rights of the parties in this transaction. This is purely a private corporation, in which the state has very little interest; the law does not, as it does in regard to municipal corporations, make it the duty of the prosecuting attorney to superintend their business. It was said in the *Mills Case, supra,* that,

" The representatives of the people, in exercising their legislative discretion, have not deemed it proper, or to the best interest of society, that grievances of a public character, affecting the whole community alike, should be investigated at the suit of a private individual, but through the agency of a public officer, who represents and has in charge the interest of the whole community;"

and it was held there that the mayor did not have any interest in the office which distinguished him from any other citizen; consequently he could not bring the action.

It will readily be seen that the same principle does not apply to a business which is private in its nature, and which does not, as a rule, concern the public one way or the other.

It is claimed by the appellants that their contention is re-enforced by the provision of § 5786, Bal. Code, which provides that,

" If judgment be rendered in favor of the relator, he shall proceed to exercise the functions of the office, after he has been qualified as required by law,"

and therefore it must necessarily be the party particularly interested in the office—in other words, the claimant to the office—who is presumed to bring the suit, and that the statute would be meaningless if construed in any other way. But we would be met with the same incongruity if the action were brought by the prosecuting attorney.

We think the stockholders in a corporation have an in-

terest in the offices of the corporation which will permit the bringing of the action.

At the time of the removal of the appellants, two-thirds of the shares of stock were voted in favor of their removal, but less than two-thirds of the stockholders personally present voted for their removal. The section under which the action was taken is 4255, Bal. Code, which provides that,

" It shall be competent at any time, for any two-thirds of the stockholders of any corporation organized under this chapter to expel any trustee from office and to elect another to succeed him."

It is the contention of the relators that "two-thirds of the stockholders" means holders of two-thirds of the stock; while it is contended by the appellants that the legislature intended that two-thirds of the persons holding stock should be competent to expel, and it is urged that § 4272, Bal. Code, gives color to their contention, because it is expressly stated in that section that, "whenever it is desired to increase or diminish the amount of the capital stock,   .•  . . a vote of two-thirds of all of the shares of the stock shall be necessary to increase or diminish" the same. But it seems to us that this latter provision has no controlling influence in the construction of the other provisions, and the whole law, taken together, indicates to our minds that the legislature had in contemplation the control of the business interests of the corporation by a majority of the shares held; for instance, in § 4255, *supra,* which provides that,

" All elections shall be by ballot, and each stockholder, either in person or by proxy, shall be entitled to as many votes as he may own, or represent by· proxy, shares of stock, and the person or persons receiving the greatest number of votes shall be trustee òr trustees."

It would seem that the court ought not to impute to the legislature the folly of providing that a majority of the stock should be necessary to elect a trustee, and that a minority of such stock would have authority to remove the same trustee.   Under such construction, three men, representing $50,000, could elect a trustee, and six men, representing $10,000 in the aggregate, could remove him. While it is true, as argued by appellants, that hardships which are imposed by law are not to be considered by the court because the policy of the law belongs exclusively to the legislative department, yet the court will be justified in considering the incongruities of the act, for the purpose of determining the intention of the legislative department. As showing, further, what the intention of the legislative department was, it provides in the same section (4255, Bal. Code) that,

" Nothing herein contained shall prevent any corporation, by their by-laws, limiting such *bona fide* shareholder to a single vote, or one vote for every full share of paid up stock, or its equivalent in assessable stock, disregarding the number of shares of stock he may own."

It is true that this express proviso follows the provision in relation to the election of trustees, but, for the reason we have suggested, it must have been intended to cover the right to vote in any instance.

The corporation not having provided for a different rule than that announced by the legislature, we think it must be held that the vote cast was sufficient to remove the trustees.

Affirmed.

GORDON, C. J., and FULLERTON and REAVIS, JJ., concur.