CONSUMERS POWER CO. *v.* MICHIGAN PUBLIC UTILITIES COMMISSION.

1. COURTS—JURISDICTION FIRST OBTAINED IS RETAINED—CONCURRENT JURISDICTION.

When a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.

2. ACTION — GAS RATES — PUBLIC UTILITIES COMMISSION—FEDERAL COURTS.

Proceeding before State public utilities commission to determine reasonable rate for natural gas furnished city by gas company, which necessarily presented issue as to validity of contract for supplying such gas, a matter in issue in suit between real parties in interest in a case pending in Federal court, is held in abeyance until decision in the Federal court.

Appeal from Michigan Public Utilities Commission. Submitted December 17, 1934. (Docket No. 134, Calendar No. 38,118.) Decided January 7, 1935. Rehearing denied March 5, 1935.

Petition by City of Saginaw and others to fix natural gas rates on gas furnished by Consumers Power Company, a Maine corporation. Defendant Consumers Power Company reviews denial of motion to quash and dismiss the petition by appeal in the nature of certiorari. Writ granted.

*Bernard J. Onen* and *Weadock & Weadock* (*Stuart H. Redner,* of counsel), for Consumers Power Company.

*Patrick H. O'Brien,* Attorney General, *Gerald K. O'Brien,* Deputy Attorney General, and *Harold Goodman,* Special Assistant Attorney General, for Michigan Public Utilities Commission.

NORTH, J. Plaintiff is the owner of a 30-year gas franchise granted by the city of Saginaw, which franchise does not expire until January 21, 1938. The initial rate to be charged for gas was fixed by the franchise, and provision was made therein for fixing by arbitration for 10-year periods the subsequent rates. Such an arbitration was had in 1932 and the rate chargeable for manufactured gas fixed.

No provision was made at this arbitration as to the rate to be charged for natural gas. About a year later a supply of natural gas seemed available for the city's needs. On June 27, 1933, the city of Saginaw acting through its council entered into an agreement by the terms of which plaintiff was to furnish natural gas at a specified rate until December 21, 1935. Plaintiff's offer relative to furnishing natural gas in lieu of manufactured gas contained the following:

"This proposal and its acceptance by the city shall not be deemed to constitute a franchise and, except to the extent herein provided, shall not enlarge, diminish, or alter the company's rights in said city."

The above-quoted stipulation was specifically acknowledged and approved in the city council's acceptance of plaintiff's offer. Since September 1, 1933, plaintiff has continued to furnish to the inhabitants of Saginaw natural gas under the terms of the June, 1933, agreement.

On or about September 19, 1933, three citizens of Saginaw individually, and for and in behalf of other citizens of Saginaw, started a suit in chancery in the circuit court of Saginaw county in which they sought a decree holding the June, 1933, agreement invalid and by which the Consumers Power Company would be restrained from collecting from Saginaw residents at the rate fixed in said agreement for natural gas. The Consumers Power Company and the city of Saginaw were made parties defendant. On application of the Consumers Power Company this case was removed to the Federal district court.

Thereafter, on May 23, 1934, two of the three plaintiffs in the chancery case joined with 98 other

citizens of Saginaw in a petition to the Michigan public utilities commission to fix reasonable rates for natural gas in the city of Saginaw. Later the city of Saginaw, acting through its city attorney, joined in the foregoing petition. The Consumers Power Company appeared specially and moved to quash and dismiss the proceedings. Numerous reasons were assigned in support of the motion, but in the main it was urged that the right and power of the commission to fix the rate for natural gas in Saginaw was an issue already presented for determination in a suit then pending in the Federal district court for the eastern district of Michigan, northern division. Appellant's contention that the public utilities commission was without power to fix the rate to be charged for natural gas was based, at least in part, upon the assertion that a valid contract had already been entered into between appellant and the city of Saginaw, meaning the June, 1933, agreement, wherein the rate to be charged for natural gas was specified. Appellant's motion to dismiss the proceedings pending before the public utilities commission was denied. The Consumers Power Company, having first obtained leave, reviews by certiorari this holding of the public utilities commission.

In asserting the validity of the June, 1933, agreement which fixes the rate to be charged for natural gas, appellant cites and in part relies upon 3 Comp. Laws 1929, § 11009, as amended by Act No. 138, Pub. Acts 1931. The statutory provision reads:

"In no case shall the commission have power to change or alter the rates or charges fixed in, or regulated by, any franchise or agreement heretofore or hereafter granted or made by any city."

Appellant further cites and relies upon 1 Comp. Laws 1929, § 2411, which in substance authorizes any city of this State ''to contract for furnishing'' gas, electric or other lights. Appellees, on the contrary, assert invalidity of the June, 1933, agreement on grounds which need not be here detailed, and also claim it has been rescinded by the city. It is sufficient to note that these parties litigant are presenting to this court exactly the same issue that the real parties in interest had previously presented for determination to the Federal court and which is still pending therein. In the orderly administration of justice such practice should not be permitted. Instead these litigants should obtain adjudication of their respective rights in the forum to which their controversy was first presented.

''It is a familiar principle that when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action.'' *Maclean* v. *Wayne Circuit Judge,* 52 Mich. 257.

See, also, *Detroit United Railway* v. *Wayne Circuit Judge,* 204 Mich. 543, and *Schell* v. *Schell,* 257 Mich. 85.

But it is apparent that the Michigan public utilities commission cannot proceed to a determination of a reasonable rate for natural gas in the city of Saginaw except upon the assumption that the city is not bound by the contract of June, 1933. If in so assuming the utilities commission should be in error, appellant will have been uselessly subjected to the expense and inconvenience of a proceeding before the utilities commission to determine the charge to

be made in Saginaw for natural gas furnished by appellant. To avoid even the possibility of a useless and burdensome proceeding before the commission, as well as to preserve orderly administration of justice, we think the proceedings pending before the Michigan public utilities commission should be held in abeyance until decision of the case pending in the Federal court. If necessary the writ of injunction will be accordingly issued by this court. Our decision herein is wholly without prejudice and shall not be construed in any way as a determination of the validity or invalidity of the June, 1933, contract or the right of the city of Saginaw to rescind or revoke the same. This being a matter of public concern, no costs will be awarded.

POTTER, C. J., and NELSON SHARPE, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.