## DETROIT TRUST CO. *v.* MANILOW.

1. COURTS—EXCLUSIVE JURISDICTION OF CASE—IDENTITY OF PARTIES, SUBJECT MATTER, REMEDIES, RELIEF.

    General rule that when a court of competent jurisdiction becomes possessed of a case, its authority continues until the matter is finally and completely disposed of and no court of co-ordinate authority at liberty to interfere with its action, is subject to limitation that the two proceedings must be in all respects identical as to parties, subject matter involved, nature of remedies and character of relief sought.

2. SAME—PENDING FEDERAL COURT CASE.

    Bill in chancery by successor trustee to foreclose trust mortgage in State court *held*, not subject to dismissal because of pending suit in Federal court to restrain former trustee from foreclosure by publication, where Federal suit could at most have resulted in decree for specific performance of refinancing agreement by trustee in its individual capacity and it is now bankrupt.

3. CONTRACTS—INTENT.

    The intention of the parties to an instrument, when intention is apparent from the entire instrument and not repugnant to any rule of law, will control the meaning of any particular word or phrase unguardedly used and seeming to indicate a different intention.

4. MORTGAGES—APPOINTMENT OF SUCCESSOR TRUSTEE.

    Appointment of successor trustee by bondholders' committee holding more than three-fourths in amount of the outstanding bonds, *held*, valid under trust mortgage providing that removal of trustee might be accomplished by holders of not less than two-thirds in amount of bonds then outstanding notwithstanding another provision that if vacancy was not filled within 10 days after its occurrence it might be filled by two-thirds of the holders of then outstanding bonds where various paragraphs of the instrument indicate that control was to be exercised by a percentage of bonds in amount rather than by a proportion of the number of the bondholders.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted April 3, 1935. (Docket No. 54, Calendar No. 38,252.) Decided June 3, 1935.

Bill by Detroit Trust Company, trustee, against Nathan Manilow and wife, Joseph H. Optner, Commercial Construction Company, a Michigan corporation, and Merchants & Manufacturers Securities Company, a Delaware corporation, to foreclose a trust mortgage. Decree for plaintiff. Defendants appeal. Affirmed.

*Milburn & Semmes* (*Sigmund A. Robinson,* of counsel), for plaintiff.

*Kahn & Pylkos* (*Carl Gussin,* of counsel), for defendants.

Butzel, J. On July 27, 1923, Nathan Manilow and wife executed a first mortgage trust indenture, covering 14 parcels of real estate in the city of Detroit, to the Federal Bond & Mortgage Co., Inc., a Virginia corporation, hereinafter referred to as the mortgage company, as trustee. The trust indenture secured an issue of 262 first mortgage bonds of various denominations, in the aggregate principal amount of $120,000. The bonds were guaranteed by Joseph H. Optner. The mortgage company in its individual capacity was also engaged in underwriting, selling and dealing in issues of mortgage bonds and notes. The difficulties in the present case once more arise largely through the attempt of a corporation to act in the dual capacity of trustee and banker or underwriter for the issuance and sale of bonds under a trust mortgage. The difference of interest, however, must be recognized. The mort-

gagors for a number of years promptly paid maturing interest and serial payments of principal and thus reduced the amount of unpaid and outstanding bonds to $75,000, or thereabouts. They, however, defaulted in payments that became due in January, 1930, and thereafter failed to pay principal, interest, taxes and other charges. In October, 1929, the Commercial Construction Company, a subsequent purchaser, entered into negotiations with the mortgage company in its individual capacity, culminating in an agreement for a new trust mortgage loan of $125,000, for the purpose of paying off and discharging the bonds still outstanding under the indenture of July 27, 1923. Although plaintiffs in the Federal court case hereinafter referred to contend that the above agreement was made by the mortgage company both in its individual and trust capacity, and although the commissioner who heard the testimony in the instant case so found, the acceptance of the loan application as set forth in the record is signed by the mortgage company in its individual capacity, and not as trustee. The trust indenture shows no power or authority in the mortgage company, as trustee thereunder, to alter the rights of the bondholders by any such agreement. The new loan was in fact never granted, but instead the mortgage company in its trust capacity began statutory proceedings to foreclose the mortgage by publication.

The original mortgagors, the guarantor and the Commercial Construction Company thereupon filed a bill of complaint in the United States district court for the eastern district of Michigan, setting forth the refinancing agreement by the mortgage company in its individual capacity, but also alleging that the agreement was executed by the mort-

gage company as trustee, notwithstanding the fact that the mortgage shows no power or authority on the part of the trustee to thus bind the first mortgage bondholders. The Federal court issued a temporary injunction restraining the mortgage company from foreclosing by publication until the further order of the court. Shortly thereafter the Federal Bond & Mortgage Company was adjudicated a bankrupt and the Detroit Trust Company appointed successor trustee by the Federal court in an independent proceeding. The trust company was also appointed successor trustee by an instrument in writing, signed by the holders of more than two-thirds in amount of the outstanding bonds. It began the instant foreclosure proceedings in chancery in the circuit court of Wayne county, against all the interested parties, including the Merchants & Manufacturers Securities Company, a Delaware corporation, and a subsequent mortgagee. Defendants appeared specially and moved to dismiss on the ground that a Federal court suit covering the same subject matter was still pending, and that the injunction issued therein was a bar to the foreclosure proceeding. The motion was denied and a decree of foreclosure subsequently entered, from which defendants have appealed.

As a rule, when a court of competent jurisdiction becomes possessed of a case, its authority continues until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its action. *MacLean* v. *Wayne Circuit Judge,* 52 Mich. 257 ; *Detroit United Railway* v. *Wayne Circuit Judge,* 204 Mich. 543. However, this rule is subject to the limitation that the two proceedings must be in all respects identical, as to the

identity of the parties, the subject matter involved, the nature of the remedies, and the character of the relief sought. *People, ex rel. Granger,* v. *Wayne Circuit Judge,* 27 Mich. 406 (15 Am. Rep. 195) ; *Buck* v. *Colbath,* 3 Wall. (70 U. S.) 334; *Watson* v. *Jones,* 13 Wall. (80 U. S.) 679. The present case is clearly distinguishable from *Detroit United Railway* v. *Wayne Circuit Judge, supra,* relied on by defendants. In the instant case the two proceedings are not identical, and there is no conflict of jurisdiction. A careful reading of the trust indenture, the bill of complaint filed in the Federal court, and the temporary injunction issued thereunder, which forbids only foreclosure by publication, a proceeding without a hearing in court in which the claims of defendants in the instant suit could be presented, indicates that at the most the Federal suit might result in a decree ordering the Federal Bond & Mortgage Company in its individual capacity to perform the contract to refinance the first mortgage loan. This would not in any way prevent the mortgage trustee from proceeding to foreclose in chancery, and for this reason the two proceedings here involved present no conflict of jurisdiction. Moreover, the nature of the remedies and the character of the relief sought in the two actions are clearly not the same. The primary purpose of the suit in the Federal court was to secure specific performance by the Federal Bond & Mortgage Company of an agreement executed by it in its individual capacity. In the instant case the Detroit Trust Company, as mortgage trustee, seeks to foreclose the mortgage by equity proceedings that will take approximately 15 months, during which period the Federal suit could readily have been disposed of. No cross-bill

asking foreclosure was filed in the Federal suit and the relief asked for by the trust company in the present proceedings in the circuit court of Wayne county was not sought in the Federal action.

A somewhat analogous situation arose in *Pierce* v. *Feagans,* 39 Fed. 587, where the dismissal of an action begun in Federal court to foreclose a mortgage was sought on the ground that another action was pending in the State court to restrain the trustee from selling the mortgaged premises under the mortgage. The court, in denying the motion to dismiss the second suit, stated:

"The parties to the two suits are not identical, and the relief sought is not the same. * * * It is true that, under the practice which obtains in the State court, the complainants who are defendants there might file a cross-petition, and pray for a foreclosure of the mortgage, but they are not bound to do so."

Again in *Washburn & Moen Manfg. Co.* v. *H. B. Scutt & Co., Ltd.,* 22 Fed. 710, the court stated:

"The object of that suit (the State court proceeding) is the rescission of the license contracts, whereas the purpose of this suit is the enforcement thereof. Clearly, the relief sought here is not attainable in the former suit. Perhaps a cross-bill might bring the whole controversy before the court of common pleas, but the complainants are not bound to take that course."

As a matter of fact, no answer has ever been filed in the Federal suit, and defendants in the instant proceeding have never seen fit to prosecute the Federal action any further since the filing of their bill of complaint, although that case has been pending for over four years. There is no reason why they could

not have proceeded to obtain such relief as they were entitled to in the Federal action, and that action is no bar to the present foreclosure suit in chancery.

The further claim is made that the Detroit Trust Company, plaintiff herein, was not regularly appointed successor trustee in accordance with the provisions of the first mortgage indenture. The Federal Bond & Mortgage Company was removed as trustee and the Detroit Trust Company appointed successor trustee by the action of the consolidated bondholders' committee, holding over two-thirds of the outstanding bonds under the first mortgage. An apparent inconsistency appears in the provisions of the trust indenture, one section stating that the trustee may be removed by an instrument in writing signed by the holders of not less than two-thirds in amount of the bonds then outstanding, while another section states that if the vacancy is not filled within 10 days after its occurrence, it may be filled by an instrument in writing signed by two-thirds of the holders of bonds then outstanding. Defendants claim that the latter section, providing for the appointment of a successor trustee, requires the signatures of two-thirds in number of the holders of bonds then outstanding, and that the appointment of the Detroit Trust Company, which was executed by a bondholders' committee, was therefore of no effect, although the committee held more than three-fourths in amount of the outstanding bonds. We do not recognize any merit in this contention. The obvious intent of the provision was to authorize holders of two-thirds in amount of the bonds then outstanding to act, rather than two-thirds of the number of bondholders. *State, ex rel. Mitchell,* v. *Horan,* 22 Wash. 197 (60 Pac. 135); *Toledo Traction, Light & Power*

*Co.* v. *Smith,* 205 Fed. 643; *Weinburgh* v. *Union Street Railway Advertising Co.,* 55 N. J. Eq. 640 (37 Atl. 1026). While there is no Michigan case in point, we have repeatedly held that the intention of the parties to an instrument, when that intention is apparent from the entire instrument and not repugnant to any rule of law, will control the meaning of any particular word or phrase unguardedly used and seeming to indicate a different intention. *Bird* v. *Hamilton,* Walk. Ch. 361; *Beadle* v. *Sage Land & Improvement Co.,* 140 Mich. 199 (6 Ann. Cas. 53). An examination of the entire trust indenture in the instant case indicates conclusively that the parties intended that control should be exercised by a percentage of bonds in amount, rather than by a proportion of the number of bondholders. In various paragraphs of the instrument power is vested in "a majority in amount of the holders of said bonds," "one-quarter in amount of bonds then outstanding," "the holders of not less than one-fourth of the amount of said bonds then outstanding," etc.

The decree of the trial court granting foreclosure in the instant case is herewith affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.