COWEN *v.* WAYNE CIRCUIT JUDGE.

1. TRIAL—STATUTES—RENDITION OF DECISION.

   Statute providing that decision should be given by judge within 60 days from time of submission of cause to him for decision is not mandatory (3 Comp. Laws 1929, § 14264).

2. COURTS—RENDITION OF DECISION—INTERFERENCE BY COURT OF CO-ORDINATE AUTHORITY.

   Upon submission of case on appeal from court of common pleas to circuit judge who tried case without a jury he became possessed of the case and his authority continued subject only to appellate authority until the case was finally and completely disposed of by him, and no court of coordinate authority was at liberty to interfere with his action, hence order, bearing rubber-stamp signature of another judge entered over 14 months after case was submitted to first judge purporting to dismiss cause for lack of progress, was a nullity and judgment rendered by such first judge over 17 months after case was submitted to him was effective to dispose of the case, notwithstanding statute requiring judge to whom a case has been submitted to render decision within 60 days (3 Comp. Laws 1929, §§ 13668, 14253, 14264; Third Circuit Court Rule, part 1, rule 6 [b]).

Petition for writ of mandamus by Ralph M. Cowen, Jr., to compel James E. Chenot, Wayne Circuit Judge, to set aside a judgment. Submitted January 21, 1941. (Calendar No. 41,217.) Writ denied March 11, 1941.

*Frederic T. Harward,* for petitioner.

*Fred Dye,* for defendant.

BUTZEL, J.  A judgment rendered against plaintiff in the court of common pleas in Detroit was appealed to the Wayne circuit court and heard by defendant circuit judge without a jury on October 4, 1938. He took the case under advisement until March 8, 1940, when he rendered a judgment in the amount of $239.91 against plaintiff in this cause. The record does not disclose the cause for the delay of over 17 months. 3 Comp. Laws 1929, § 14264 (Stat. Ann. § 27.993), providing that decision should be given by a trial judge within 60 days from the time a case is submitted, is not mandatory. As was stated in *Stepanian* v. *Moskovitz,* 232 Mich. 630, it does not punish litigants for delay excusable or inexcusable by the judge, and does not and cannot provide a departure of judicial power from the judge.

Over a year after submission of the case to the trial judge, the case was placed on the "no progress" docket of the Wayne circuit court. See 3 Comp. Laws 1929, § 14253 (Stat. Ann. § 27.982). On December 9, 1939, an order signed with a rubber stamp bearing the name of another circuit judge and purporting to dismiss the case was entered.

Plaintiff herein seeks mandamus to set aside the judgment rendered on March 8, 1940. He claims termination of the cause upon entry of the order of

dismissal for no progress on December 9, 1939. The order of dismissal for no progress was a nullity. The parties litigant had done everything they could do when they tried the case and it was submitted to the circuit judge. He became possessed of the case and his authority continued subject only to the appellate authority until the case was finally and completely disposed of by him. No court of co-ordinate authority was at liberty to interfere with his action. *Maclean* v. *Wayne Circuit Judge,* 52 Mich. 257; *Consumers Power Co.* v. *Michigan Public Utilities Commission,* 270 Mich. 213 (10 P. U. R. [N. S.] 487); *Detroit Trust Co.* v. *Manilow,* 272 Mich. 211. Also, see 3 Comp. Laws 1929, § 13668 (Stat. Ann. § 27.190), and Circuit Court Rules for Third Circuit, part 1, rule 6(b).

Mandamus is denied, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.