ZIMMER *v.* BYERS.

1. DISMISSAL AND NONSUIT—JURISDICTION—NO PROGRESS CALENDAR.
    Motion to set aside order of dismissal and reinstate a cause which had been placed on the no progress calendar, removed therefrom, and partially tried before being dismissed for lack of progress, did not concede validity of order of dismissal where motion was premised on claim that circuit judge who had partially tried the case had exclusive jurisdiction to continue with the trial and determine the issues involved, hence that order of dismissal by another judge of the same circuit was made without jurisdiction and void (3 Comp. Laws 1929, §§ 13668, 14253; Wayne Circuit Court Rules, pt. 1, rule 3, pt. 2, rule 5).

2. COURTS—CIRCUITS WITH MORE THAN ONE JUDGE—ASSIGNMENT OF CASES—JURISDICTION.
    In a circuit where there are two or more circuit judges, a judge to whom a case has been assigned by the presiding judge has continuing jurisdiction of the case as though he were the only judge of such circuit (3 Comp. Laws 1929, § 13668).

3. SAME—CONTINUING JURISDICTION OF JUDGE AFTER DENIAL OF LEAVE TO APPEAL.
    Where progress of trial was interrupted by defendants' appeal from order denying their motion to dismiss and granting plaintiff leave to amend declaration, the circuit judge to whom the case had been assigned had continuing jurisdiction upon denial of leave to appeal and resumption of trial and such jurisdiction could not be interfered with by an order of another judge of the circuit (3 Comp. Laws 1929, § 13668).

4. SAME—JURISDICTION—CO-ORDINATE AUTHORITY.
    Generally when a court of competent jurisdiction becomes possessed of a case, its authority continues until the matter is finally and completely disposed of and no court or judge of co-ordinate authority is at liberty to interfere with its authority.

5. DISMISSAL AND NONSUIT—JURISDICTION—NO PROGRESS CALENDAR. Where case was placed on the "no progress" calendar, reinstated pursuant to stipulation, some testimony taken, defendants' motion to dismiss was denied, and leave to appeal therefrom denied by Supreme Court, case again put on "no progress" calendar and an order of dismissal entered by a different circuit judge in same circuit, such order of dismissal was entered without jurisdiction and was, therefore, a nullity (3 Comp. Laws 1929, §§ 13668, 14253; Wayne Circuit Court Rules, pt. 1, rule 3, pt. 2, rule 5).

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 7, 1947. (Calendar No. 43,444.) Decided December 3, 1947.

Case by Karolina Zimmer, administratrix of the estate of Stanley Joseph Zimmer, deceased, against George Byers and another. After case was heard it was dismissed for lack of progress. Order of dismissal set aside on motion. Defendants appeal. Affirmed.

*M. L. Leacock,* for plaintiff.

*Edward N. Barnard,* for defendants.

CARR, C. J. Plaintiff in this case started suit for damages in the circuit court for Wayne county November 1, 1939, alleging in her declaration that as the result of the negligent operation of an automobile, of which defendant Byers was part owner and defendant Porter was driver, plaintiff's decedent sustained personal injuries resulting in his death. Defendants filed their answer denying negligence. In 1941, the case was placed on the "no progress" calendar and dismissed on August 1st of that year. Subsequently, pursuant to stipulation of counsel for the respective parties, it was reinstated, and in March, 1942, was assigned to Circuit Judge Lila M. Neuenfelt for trial.

The case was brought on before Judge Neuenfelt on March 23, 1942. After the taking of a limited amount of testimony, counsel for defendants moved to dismiss the declaration. Counsel for plaintiff then moved for leave to file an amended declaration. On October 8, 1942, the latter motion was granted and the motion to dismiss was denied. From such order defendant Byers sought leave to appeal to the Supreme Court. Under date of January 6, 1944, his application was denied by this Court, without prejudice.

During the pendency of the application for leave to appeal the trial was held in abeyance. No action was taken by either plaintiff or defendants, following the denial of such application, to have the trial resumed. In February, 1945, the case being again on the "no progress" calendar an order for dismissal was entered by Judge Jayne, who, under local rules of practice, had charge at the time of all matters pertaining to the calendar. The procedure followed was in accordance with part 1, rule 3, and part 2, rule 5, of the Wayne county local court rules, and under authority of 3 Comp. Laws 1929, § 14253 (Stat. Ann. § 27.982). Said section reads as follows:

"All causes in which no action has been taken or progress made for more than one year unless by reason of the business of the court, the same shall not have been reached, shall be placed upon said calendar separate and apart from all other causes, under the following heading: 'Causes in which no progress has been made for more than one year;' and on the first day of each term, any cause appearing under this heading shall be dismissed by the court for want of prosecution, but without prejudice, at the cost of the party by whom it was brought into court, unless cause be then and there shown to the contrary."

Under date of March 4, 1946, approximately 13 months after the order of dismissal, plaintiff filed

a motion to set aside said order and reinstate the cause, said motion being supported by affidavit. In said motion and affidavit plaintiff referred to the assignment of the case to Judge Neuenfelt for trial and the proceedings that were taken after the trial had commenced. It was further asserted that plaintiff would sustain irreparable damage unless the trial was continued. Defendants opposed the granting of the motion, filing an affidavit that, because of the lapse of time, the whereabouts of a material witness were then unknown. Following argument, an order was entered by Judge Jayne setting aside the order of dismissal. Defendants have appealed.

The question at issue is the validity of the order of dismissal entered in February, 1945. It is the claim of plaintiff that at the time of said order Judge Neuenfelt had exclusive jurisdiction to continue with the trial and determine the issues involved, and hence that the order of dismissal was made without jurisdiction and was void. Defendants insist that under the local court rules Judge Jayne had exclusive authority in matters pertaining to the calendar and that in consequence his order was valid. It is contended, also, that the motion filed was for reinstatement of the cause, that its allowance was discretionary, and that the order made was an abuse of discretion. It is further argued in this connection that by asking reinstatement of the cause plaintiff admitted, in substance, that the order of dismissal was valid, citing *Northrup* v. *Jay,* 262 Mich. 463. It is significant in this regard that plaintiff's motion, while apparently entitled as one for reinstatement, referred to matters that, it is claimed, rendered the order of dismissal a nullity. In view of the nature of the grounds on which relief was sought, the trial court was justified in treating plaintiff's motion as attacking the order of dismissal. It may be noted in this connection that in

the agreed statement of facts appearing in the record counsel for the parties have referred to said motion as one "to set aside the order of dismissal and to reinstate the cause." Defendants' claim that the motion conceded the validity of the order of dismissal is not tenable.

The claim that Judge Neuenfelt had continuing jurisdiction over the case pending a final disposition thereof finds support in the provisions of 3 Comp. Laws 1929, § 13668 (Stat. Ann. § 27.190), which deals with the duties of the presiding judge in circuits having two or more judges. Said section provides in part:

"The presiding judge shall assign and apportion the business of the court during his term as such presiding judge, and each judge shall proceed to hear, try and dispose of the business so assigned to him with the same force and effect as if he was the only judge of said circuit, and subject to and with the power and authority conferred by all the rules of practice, and of law applicable to circuit courts having only one judge."

The Wayne county local court rule provides, part 1, Rule No. 6 (b), that:

"Whenever a case or interlocutory matter is assigned to a particular judge for hearing, trial or other disposition, that judge shall have and retain the exclusive right to hear and dispose of such matter; Provided, that such judge shall not grant a continuance in a contested law or chancery case assigned to him for trial or hearing unless, *after* such trial or hearing has commenced, the interests of justice require such a continuance."

In *Cowen* v. *Wayne Circuit Judge,* 296 Mich. 678, the circuit judge before whom a case was heard, before entering judgment, held it under advisement for approximately 17 months after it was sub-

mitted to him. In the meantime it was placed on the "no progress" calendar by the clerk, and an order of dismissal was entered by another judge of the circuit. Mandamus proceedings were instituted to compel the trial judge to set aside the judgment. It was held that the order of dismissal was a nullity, and that the trial judge "became possessed of the case and his authority continued subject only to the appellate authority until the case was finally and completely disposed of by him."

A similar question was involved in *Kintz* v. *Galvin*, 219 Mich. 48. There the trial judge in a case tried before a jury, took under advisement a motion for a directed verdict in accordance with the provisions of Act No. 217, Pub. Acts 1915 (3 Comp. Laws 1929, § 14531 *et seq.*), as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 27.1461 *et seq.*). Before the determination of the motion the presiding judge of the Wayne circuit entered judgment for the plaintiff in accordance with the verdict of the jury. Thereafter the trial judge rendered an opinion ordering judgment for the defendant notwithstanding the verdict. Judgment was entered accordingly and the prior judgment, based on the verdict of the jury, was set aside. In affirming the action taken this Court held that the jurisdiction of the trial judge continued until final disposition of the matter by him. As in the *Cowen Case, supra,* the order in question was made after final submission of the matter in issue to the determination of the trial judge. In the case at bar progress of the trial was interrupted in order that defendants might seek review, in this Court of the order denying defendants' motion to dismiss and granting plaintiff leave to amend the declaration. However, under the statute and the applicable court

rules, Judge Neuenfelt did not lose jurisdiction. Plaintiff, or defendants, might have taken action to have the trial resumed after the application for leave to appeal was denied. The trial judge might have directed the parties to proceed with the cause. The jurisdiction with which the trial judge became vested continued and could not be interfered with by an order of another judge of the circuit. A somewhat analogous situation is presented in cases involving the conflicting jurisdictions of different courts. The general rule on this subject is stated in *Detroit Trust Co.* v. *Manilow,* 272 Mich. 211, as follows:

"As a rule, when a court of competent jurisdiction becomes possessed of a case, its authority continues until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its action."

Of like import are *Maclean* v. *Wayne Circuit Judge,* 52 Mich. 257, and *Consumers Power Co.* v. *Michigan Public Utilities Commission,* 270 Mich. 213 (10 P. U. R. [N. S.] 487).

The order of dismissal was entered without jurisdiction, and was, in consequence, a nullity. The action of the trial court in setting it aside was proper. The order from which the appeal has been taken is affirmed, and the case is remanded for further proceedings. Plaintiff may have costs.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.