MARSH v FOREMOST INSURANCE COMPANY

Docket No. 102263. Decided March 26, 1996. On application by the
defendant insurer for leave to appeal, the Supreme Court, in lieu of
granting leave, reversed the judgment of the Court of Appeals,
vacated the judgment of the circuit court, and remanded the case
to the circuit court for further proceedings.

George Marsh brought an action in the Ingham Circuit Court against
Spirit Home Sales, alleging fraud in the sale of a mobile home. The
court, Thomas L. Brown, J., entered a default judgment against the
seller. Thereafter, the plaintiff sought summary disposition against
Foremost Insurance Company, which had issued performance
bonds for Spirit to protect consumers. Before summary disposition
was entered, Foremost brought an interpleader action under MCR
3.603 in the Eaton Circuit Court. Despite the pendency of the inter-
pleader action, the Ingham Circuit Court granted summary disposi-
tion for the plaintiff against the insurer. The Court of Appeals,
FITZGERALD, P.J., and MARILYN KELLY and G. N. BASHARA, JR., JJ.,
affirmed in an unpublished opinion per curiam (Docket No.
155380). Foremost seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held*:

The Ingham Circuit Court abused its discretion by granting to
one of the interpleader defendants the funds that were the subject
of the action in Eaton Circuit Court.

1. The Eaton Circuit Court order did not enjoin the Ingham Cir-
cuit judge from exercising his judicial authority; rather, it enjoined
the plaintiff from prosecuting any other actions regarding the sub-
ject matter of the interpleader action. The Ingham Circuit Court
had actual notice of the larger problem. While the plaintiff had a
good claim for the full amount of the performance bond and more,
many other persons also lost money when Spirit went out of
business.

2. On learning of the pendency in the Eaton Circuit Court of an
interpleader action that involved the same parties and the same
funds, and of an order enjoining the plaintiff from prosecuting the
present action, the Ingham Circuit Court should have exercised its
discretion by deferring to the Eaton Circuit Court. Final resolution
of the pending Ingham Circuit Court matter could have been

effected by holding the matter in abeyance pending notification of a final judgment in the Eaton Circuit Court interpleader action.

Reversed and remanded.

*Fowler, Tuttle, Clark & Coleman* (by *Larry D. Fowler*) for the plaintiff.

*Bensinger, Cotant, Menkes & Aardema, P.C.* (by *Dale L. Arndt*), for the defendant.

Amicus Curiae:

Sixty Plus, Inc., Elderlaw Clinic (by *Norman Fell*) for Linda Markley.

PER CURIAM. The plaintiff paid a substantial amount toward the purchase of a mobile home, but the seller went out of business without providing the mobile home or reimbursing the plaintiff. The buyer obtained a default judgment against the seller, and then attempted to obtain summary disposition against an insurance company that had issued performance bonds to protect consumers against such misconduct by the seller.

Before summary disposition was entered, the insurer began an interpleader action in an adjoining county. Despite the pendency of the interpleader action, the circuit court in this case granted summary disposition in favor of the buyer and against the insurance company. The insurer appealed, but the Court of Appeals affirmed.

We reverse the judgment of the Court of Appeals, vacate the judgment of the circuit court, and remand this case to the circuit court for further proceedings.

I

In June 1991, plaintiff George Marsh executed a contract for the purchase of a triple-wide mobile

home from Spirit Home Sales, Inc.[1] The sale price was $57,490.

Mr. Marsh paid $125 at the time of the contract, and an additional $2,000 later in the month. The following month, he paid $55,000 after being told that the triple-wide would soon be delivered.

Evidently, Spirit had forwarded none of Mr. Marsh's money to the manufacturer. By early October 1991, Spirit was out of business.

Mr. Marsh sued Spirit in Ingham Circuit Court[2] in October 1991, alleging fraud and various statutory violations.[3] In addition, the complaint named Fore-most Insurance Company as a defendant. Mr. Marsh alleged that Foremost had "issued three separate bonds for [Spirit Home Sales] to indemnify and reim-burse the Plaintiff for fraud and for consumer deposit pursuant to a purchase agreement." It is agreed that Foremost had issued three $10,000 performance bonds that govern this situation.

In January 1992, the Ingham Circuit Court entered a default judgment against Spirit. With interest, costs, and actual attorney fees, the total judgment was $60,890.30.

After obtaining judgment against Spirit, Mr. Marsh turned his attention to the bonds issued by Fore-

---

[1] Spirit Home Sales, Inc., conducted business in Clinton and Eaton Counties. It appears to have been headquartered in Eaton County.

[2] The sales contract had listed an address for Mr. Marsh in Mason, the seat of Ingham County.

[3] Also named as a defendant was Ted Torgeson, Jr., who was described as Spirit's sole stockholder. Mr. Torgeson was initially defaulted, but the default was set aside by stipulation. Later, the Ingham Circuit Court received papers indicating that Mr. Torgeson had declared bankruptcy.

most.[4] He filed in Ingham Circuit Court a February 1992 motion for summary disposition. In its answer to the motion, Foremost included this statement:

> By way of further answer defendant would state that there are several cases pending against Spirit Home Sales, Inc., et al[5] as well as other claims which have yet to be filed. Defendant has answered these claims and has every intent of paying its $30,000 bond. However, it would be manifestly unfair that the plaintiff in this matter obtain the amount of the bond and defendant would request that the court deny plaintiff's Motion for Summary Disposition until such time as all claims and cases can be consolidated and the proceeds from the bonds be distributed to the various parties who have made claims in a manner which the court deems to be fair and equitable.

Without waiting for a decision on the motion for summary disposition, Mr. Marsh's counsel obtained a March 16, 1992 writ of garnishment against Foremost as a garnishee defendant on the principal liability of Spirit Home Sales.[6]

The following day (March 17), Foremost filed an interpleader action in Eaton Circuit Court. MCR 3.603.[7] The complaint listed fourteen individuals and a

---

[4] At a later hearing, counsel for Foremost Insurance Company indicated that an adverse judgment against Spirit Home Sales was a condition precedent to its bond obligation.

[5] In its papers to this Court, Foremost explains that, in addition to this Ingham Circuit Court matter, suits were also pending in Jackson and Eaton Circuit Courts.

[6] The plaintiff also attempted to garnish funds possessed by the manufacturer, but it was holding none of Spirit's money.

[7]    (A) Availability.

(1) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not a ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do

bank as defendants. Among them was Mr. Marsh. That same day (March 17), the Eaton Circuit Court entered this order:

> This matter having been brought on for a Motion by the Plaintiff and the Court being satisfied that an Order is necessary to protect the rights of all parties herein,
>
> It is hereby ordered that Plaintiff's Motion is granted and pursuant to MCR 3.603(B)(2) all Defendants herein are enjoined from commencing and/or prosecuting any other actions regarding the subject matter of the interpleader action which are [sic] the $30,000 surety bonds.
>
> It is further ordered that Plaintiff shall forthwith deposit $30,000 into an interest bearing account with The Old Kent Bank with the name of the account holder being The Eaton Co. Circuit Court Clerk.

The next day (March 18), the Ingham Circuit Court heard Mr. Marsh's motion for summary disposition against Foremost. The parties discussed the Eaton

---

not have a common origin or are not identical, but are adverse to and independent of one another, or that the plaintiff denies liability to any or all of the claimants in whole or in part.

(2) A defendant exposed to liability as described in subrule (A)(1), may obtain interpleader by counterclaim or cross-claim. A claimant not already before the court may be joined as defendant, as provided in MCR 2.207 or MCR 2.209.

(B) Procedure.

(1) The court may order the property or the amount of money as to which the plaintiff admits liability to be deposited with the court or otherwise preserved, or to be secured by a bond in an amount sufficient to assure payment of the liability admitted.

(2) The court may thereafter enjoin the parties before it from commencing or prosecuting another action regarding the subject matter of the interpleader action.

(3) On hearing, the court may order the plaintiff discharged from liability as to property deposited or secured before determining the rights of the claimants.

(C) Rule Not Exclusive. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted by MCR 2.206.

Circuit Court order, noting that Mr. Marsh was one of the defendants and that he had actual notice of the order.[8]

Addressing the Ingham Circuit judge, Mr. Marsh's attorney described the Eaton Circuit Court order as "a temporary restraining order against you." The Ingham Circuit judge responded, "Well, I will disregard that." Later, the Ingham Circuit judge inquired as to the authority under which one circuit judge could restrain another circuit judge from acting. Counsel for Foremost attempted to correct the misperception, by observing that the Eaton Circuit Court order restrained Mr. Marsh, not the Ingham Circuit judge.

Satisfied that the Eaton Circuit Court order did not bar him from proceeding, the Ingham Circuit judge granted Mr. Marsh's motion for summary disposition.

At a subsequent hearing, the parties again discussed the Eaton Circuit Court order. However, the Ingham Circuit Court adhered to its ruling:

> [*Counsel for Foremost*]: I guess the bottom line and our position is the order shouldn't have been entered in the first place when we have already interplead [sic] in Eaton County where Mr. Marsh is a named defendant. Number two, even if it was [sic] to enter, which we believe is prohibited by the interpleader court rule and the order of [the Eaton Circuit Court] which states that defendants may protect themselves, people like my clients can protect themselves by paying them money, saying, we are not going to challenge liability, but then letting the Court determine how the split should be.
>
> *The Court*: Well, who brought this interpleader action?
>
> [*Counsel for Foremost*]: Foremost had . . .

---

[8] He had not, however, been served.

.

*The Court*: And Foremost started their own action in Eaton County?

[*Counsel for Foremost*]: That's correct, prior to the motion for . . .

*The Court*: Did Foremost know there was an action going on in Ingham County?

[*Counsel for Foremost*]: Yes, they did.

*The Court*: Why didn't Foremost bring the action here?

[*Counsel for Foremost*]: Because most of the claimants are from Eaton County.

*The Court*: I understand most of them. Are some of them from someplace else?

[*Counsel for Foremost*]: Well, we have one here. All I can tell you is that of the 15, most of them are in Eaton County.

*The Court*: Does the interpleader rule say you have to go where most of the people live or where one person lives? I'm not going to fool around with two counties. Probably be best to file an interpleader action before me so I'd have the whole kit and kaboodle.

[*Counsel for Mr. Marsh*[9]]: That's part of our problem. There were actions filed in Eaton County already and one filed here. We brought the . . .

*The Court*: That doesn't prevent you from bringing an interpleader action here, too?

[*Counsel for Mr. Marsh*[9]]: We have one sum of money. We believe it should be deposited in one court and let one court decide how the split should be.

*The Court*: Well, a default was entered. Nobody has moved to set aside the default. I'm going . . .

[*Counsel for Foremost*]: That's not against my client. No default was ever entered against Foremost.

*The Court*: I understand. I guess it's against Spirit Homes.

[*Counsel for Foremost*]: We are here today discussing the entry of the order against Foremost, not against Spirit Homes.

---

[9] The transcript indicates that these words were spoken by counsel for Mr. Marsh. However, it appears likely that the speaker was counsel for Foremost.

*The Court*: Okay. Well, the default—the Court so ordered. The judgment is granted.

The Ingham Circuit Court then entered judgment in favor of Mr. Marsh and against Foremost, in the amount of $31,279.73 (representing the bond amount, plus a small amount of interest and costs).

Foremost filed a claim of appeal, but the Court of Appeals affirmed.[10] Foremost now applies to this Court for leave to appeal.[11]

II

The Court of Appeals said that the issue in this case is "whether the judge in Ingham Circuit Court was constrained by the Eaton Circuit Court injunctive order from disposing of a matter legitimately before him." The Court of Appeals answered this question, "no," citing MCR 3.310(E).[12] It explained:

> As a preliminary matter we note that, generally in disputes of this type, an action in interpleader pursuant to MCR 3.603 is appropriate. However, it is also well established that
>
> "It is a principle of general application that when a court of competent jurisdiction has taken cognizance of litigation, and the litigation is pending before it, no court of coordinate jurisdiction is at liberty to interfere with its action, or to interfere with its authority. While this is primarily a matter of comity, it is a principle deeply imbedded and strictly

---

[10] Unpublished opinion per curiam, issued January 19, 1995 (Docket No. 155380).

[11] We have also received a motion for leave to appear as amicus curiae. We grant the motion.

[12] An injunction or temporary restraining order may not be granted in one action to stay proceedings in another action pending in another court if the relief requested could be sought in the other pending action.

observed in most instances. When the attention of a court is drawn to, or the court discovers the fact that another tribunal of competent jurisdiction has proceedings before it with respect to the particular controversy, the court of second application should proceed no further. [1 Callaghan's Michigan Pleading & Practice (2d ed), § 2.23, p 103, citing *Detroit Trust Co v Manilow*, 272 Mich 211; 261 NW 303 (1935); *Consumers Power Co v Michigan Public Utilities Comm*, 270 Mich 213; 258 NW 250 (1935); *Zimmer v Byers*, 319 Mich 410; 29 NW2d 838 (1947).]"

Thus, the question here is whether the judge in Ingham Circuit Court was constrained by the Eaton Circuit Court injunctive order from disposing of a matter legitimately before him.

We conclude that he was not. An injunction may not be granted in one action to stay proceedings in another court if the relief requested could have been sought in the original action. MCR 3.310(E). Since Foremost could have sought the identical relief in Ingham Circuit, the injunction had no effect on Marsh's action. Consequently, Marsh was entitled to proceed with his action, and the judge in this case was entitled to proceed to judgment.

In at least two respects, the Court of Appeals has misframed the issue. First, the question is not "whether the judge in Ingham Circuit Court was constrained by the Eaton Circuit Court injunctive order from disposing of a matter legitimately before him." As argued by Foremost, the Eaton Circuit Court order did not enjoin the Ingham Circuit judge from exercising his judicial authority. Rather, it enjoined *Mr. Marsh* from "prosecuting any other actions regarding the subject matter of the interpleader action which are [sic] the $30,000 surety bonds."

Second, and more fundamentally, the proper inquiry is not whether the Ingham Circuit Court had the constitutional and legal authority to enter an order on Mr. Marsh's motion for summary disposition.

The better question is whether the Ingham Circuit Court *should* have entered its order.

The present case is exactly the kind of situation for which the interpleader rule, MCR 3.603, was designed. It is idle to suppose that controversies of this sort will arise neatly, with parties moving in convenient sequence to the proper forums. When many persons have been defrauded and available funds are insufficient to make all these persons whole, a race to the courthouse can be expected. In such a situation, the need for an interpleader action might not become apparent until several actions are pending in various procedural stages in various forums.[13]

With regard to whether MCR 3.310(E) controls in this setting, the authors of *Michigan Court Rules Practice* stress the importance of giving effect to the interpleader rule:

> MCR 3.603, governing actions of interpleader, and counterclaims or cross-claims for the same relief, authorizes the court to enjoin all parties joined by interpleader from commencing or prosecuting any other action regarding the subject matter which is the object of the interpleader action. See MCR 3.603, and Authors' Comment thereunder. The injunctive order permitted by 3.603(B), and available as soon as the property or a security bond is deposited, is essential to protect the stake-holder from multiple liability. See *Detroit Bank v Bradfield*, 324 Mich 124; 36 NW2d 873 (1949). [4 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 487.]

---

[13] If there had only been one pending suit against Foremost, it could have avoided the present problem by filing a counterclaim for interpleader relief in the court where the suit was pending, MCR 3.603(A)(1), and then seeking to join other interpleader defendants. However, that solution is not feasible when several suits are pending.

Here, the Ingham Circuit Court had actual notice of the larger problem. From the materials at hand, it appears that Mr. Marsh has a good claim for the full $30,000 (and for almost another $30,000 beyond that). However, many other persons also lost money when Spirit went out of business. On these facts, the Ingham Circuit Court abused its discretion by quickly granting to one of the interpleader defendants the funds that were the subject of the action in Eaton Circuit Court.[14]

On learning of the pendency in the Eaton Circuit Court of an interpleader action that involved the same parties and the same funds, and of an order enjoining Mr. Marsh from prosecuting the present action, the Ingham Circuit Court should have exercised its discretion by deferring to the Eaton Circuit Court. The final resolution of the pending Ingham Circuit Court matter could be effected by holding the Ingham matter in abeyance pending notification of a final judgment in the interpleader action (and, presumably, dismissal of the claim against Foremost at that point). Alternatively, the Ingham Circuit Court can consider partial summary disposition under MCR 2.116(C)(6).[15]

---

[14] Foremost chose Eaton Circuit Court as the forum for its interpleader action, apparently because Spirit was headquartered in that county and because a number of the claimants were located there. Had Foremost filed the interpleader action in Ingham Circuit Court, it would have been equally unfair for an Eaton County plaintiff to obtain hasty relief from the Eaton Circuit Court.

[15] MCR 2.116(C)(6) ordinarily applies where the other pending action was filed *before* the action in which summary disposition is being considered. However, the interpleader situation is unique, in that a subsequently filed action can take precedence over an action filed earlier.

Depending on the facts, the nature of the claims, and the procedural posture of the pending actions, it might appear helpful to transfer Mr. Marsh's claim against Foremost to the Eaton Circuit Court for consolida-

For the reasons outlined in this opinion, we reverse the judgment of the Court of Appeals, vacate the judgment of the Ingham Circuit Court, and remand this case to the Ingham Circuit Court for further proceedings consistent with this opinion. MCR 7.302(F)(1).

BRICKLEY, C.J., and LEVIN, CAVANAGH, BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

---

tion with the pending interpleader action. MCR 3.603, 1.105. However, the court rules provide no authority for such a transfer. See, for example, MCR 2.227, 2.505, 4.002, 4.003, as well as MCR 2.205, 2.206. We contemplate publishing for comment a proposed court rule to address this problem.