RENE J. DELORME, INC., *v.* UNION SQUARE AGENCY, INC.

ACTION—MOTION TO DISMISS—PENDENCY OF OTHER ACTION—EQUALLY DIVIDED COURT.
> Order granting motion to dismiss plaintiffs' action for breach of contract on ground there was another action pending between the same parties for the same cause is affirmed by an equally divided court (CL 1948, § 608.1; Court Rule No 18, § 1[d] [1945]).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted June 9, 1960. (Docket No. 40, Calendar No. 48,624.) Decided January 10, 1961.

Action by Rene J. DeLorme, Inc., and Union Labor Services, Inc., both Michigan corporations, and Rene

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1160.

J. DeLorme against Union Square Agency, Inc., a Michigan corporation, and another for breach of contract to pay sums due on purchase of insurance agency. Case dismissed on motion. Plaintiffs appeal. Affirmed by an equally divided court.

*Donald G. Tripp,* for plaintiffs.

*Vandeveer, Haggerty, Garzia & Haggerty,* for defendant Union Square Agency, Inc.

BLACK, J. (*for affirmance*). Brought to us is a question of practice under Court Rule No 18, § 1 (d) (1945). Plaintiffs' suit for damages, alleging an actionable breach of contract on the part of defendants, was met by successful motion of defendant Union Square Agency, Inc., to dismiss on ground of another action pending between the same parties for the same cause. The motion was properly verified, as required by the mentioned court rule. Plaintiffs responded with an "Answer to Motion" alleging that the 2 pending suits are not "for the same cause."[*] They failed, however, to verify such answer under section 3 of the court rule. They depend on bare allegations of counsel to support their reasons for insisting that Judge Fitzgerald erred in granting such motion to dismiss.

We have searched the record (independently of plaintiffs' appendix) in effort to discover whether

---

[*] The relevant portion of plaintiffs' said "Answer to Motion" reads:

"Action No. 306,144 being an action founded on a conspiracy to defraud and by undue influence and coercion to obtain the execution of the contract therein referred to, and to thus wrongfully deprive the plaintiffs of the insurance business and the benefits incident thereto; that this cause is brought on the contract and for a breach thereof; that certain of the defendants in the prior cause are not parties to the contract; and, therefore, to combine both causes in a single action would be a misjoinder of actions under the statute (CL 1948, § 608.1 [Stat Ann § 27.591]) because matters in which there is no common interest on one side or the other cannot be litigated jointly."

plaintiffs did or did not verify their said answer or make showing by affidavit or proof in opposition to that which defendant Union Square avers. The search has been fruitless; in fact it does not even disclose that plaintiffs have brought here the declaration in the other suit in order that we might compare the respective pleadings to determine whether plaintiffs do or do not have 2 suits pending within meaning of said section 1(d).

I conclude that the motion below was properly granted and that the order of dismissal should be affirmed, with costs to the moving defendant. My vote is cast accordingly.

SUPPLEMENT (December 30, 1960).

This case was duly assigned to the writer prior to opening of the June term last. In pursuance of such assignment the foregoing opinion was submitted for consideration of other members of the Court under date of July 18th. Since then "the original record" (see Court Rule No 65, § 1 [1945]) has been altered substantially by court-ordered augmentation* and, without deigning remand of the case for reconsideration below on the basis of such new record, Mr. Justice Souris has written (under date of December 16th) to reverse on the alleged strength of such new record. I cannot agree.

This practice, of adding to the original record in-

---

* Our order of September 15, 1960, reads:

"In this cause a motion is filed by plaintiffs for permission to amend the appendix of plaintiffs, and an answer thereto having been filed by the defendant, and due consideration thereof having been had by the Court, and plaintiffs' motion for permission to amend appendix having been treated by this Court as an application for leave to add matters to the original record pursuant to the powers of this Court under Rule No 72, § 1(d) (1945), it is hereby ordered that this cause be and the same is remanded to the trial court for the addition by plaintiffs to the record in this cause of a copy of the declaration in law action No. 306,144, Wayne circuit court, and for the subsequent addition of said declaration as part of the appendix herein. It is further ordered that defendants recover their costs from plaintiffs. Justice BLACK dissents."

struments or records not constituting a part of the original record below, simply to find ground for reversal of a circuit judge whose action was taken on the record before him, violates the spirit as well as the letter of our appellate rules. And, in this instance, it is grossly unfair to the Jonahed circuit judge. My Brother's opinion warns all trial judges that, when papers are "incorporated by reference" and are not by the incorporating counsel actually made a part of the court record, they—the judges—had better see to it that such papers are made a part of the file of the case. Too, the judges are warned that they may no longer rely for decision on the uncontroverted affidavit or affidavits Court Rule No 18 (1945) authorizes per section 1 thereof. This is quite a burden, manifestly uncalled for, to place upon judges of busy circuits. Until now, their right to assume that the file of the case at hand is complete, to the satisfaction of relevantly quiescent counsel, has never been questioned.

My Brother writes that Court Rule No 18 "has no applicability to the motion granted by the trial court." He is the first to say so, there having been no hint or suggestion to such effect in any brief or during oral argument.

This case, now that it has a new record, should be remanded to the circuit court for new determination upon such new record. No circuit judge should be reversed, in a law case especially, on the basis of a record altered since his decision was made and appeal to this Court taken.

Aside from the above, and now that the record does provide comparison of the respective declarations plaintiffs have filed, I would affirm on authority of *Chapple* v. *National Hardwood Co.,* 234 Mich 296 (44 ALR 804). This second suit is pure litigious harassment so far as concerns the present defendant. Both pending suits "are based upon substantially the

same facts" and, such being the case, it matters not—
*Chapple* considered—that the first suit calls on additional parties to defend.

Dethmers, C. J., and Carr and Kelly, JJ., concurred with Black, J.

Souris, J. (*for reversal*). When this appeal was first presented to this Court, neither the original record filed with our clerk nor the appellants' appendix contained a copy of the declaration in the other action based upon which the Wayne circuit judge granted defendant-appellee's motion to dismiss under Court Rule No 18, § 1 (d) (1945). Defendant's motion to dismiss incorporated, by reference to the files and records of the Wayne circuit court, the declaration in that other suit. Presumably (there was no opinion filed by the trial judge on dismissal of the cause) the trial judge referred to that declaration and concluded it stated the same cause of action stated in the case at bar. Without a copy of that declaration to compare with the declaration in the case at bar, this Court could not review properly the action of the trial court.

Following submission of this appeal, and after argument, counsel for plaintiffs moved this Court to be permitted to supplement their appendix to include a copy of the missing declaration. We granted plaintiffs the right to supplement both the original record and their appendix by the addition thereto of a copy of the declaration. Upon examination and comparison of both declarations, we conclude that the trial court erred in dismissing this cause for the reason it stated. This action is for breach of contract for the purchase of an insurance business. Plaintiffs seek judgment for the amounts due under the contract and unpaid by defendant. In the other action, plaintiffs sued this defendant, another cor-

poration, and several individual defendants in tort, claiming damages for fraud in inducing plaintiffs to enter into said contract. It cannot be said that these 2 actions are between the same parties for the same cause.

Mr. Justice BLACK has written herein for affirmance on the procedural ground that plaintiffs' "Answer to Motion" filed in the trial court was not verified, citing Court Rule No 18, § 3 (1945). The rule has no applicability to the motion granted by the trial court. Before him was a narrow point of law to be decided which no facts presented by plaintiffs by "affidavit or other proof denying the facts alleged or establishing facts obviating the objection" could affect. The trial judge was asked to rule as a matter of law that the 2 suits were between the same parties for the same cause. This ruling could be made only by examination of the declarations filed in the 2 suits. Indeed, nothing could be added by affidavit or other proof that could be considered properly in deciding defendant's motion to dismiss on the ground that a prior suit was pending.

The order should be reversed and remanded. Costs to plaintiff.

SMITH, EDWARDS, and KAVANAGH, JJ., concurred with SOURIS, J.