WALKERVILLE EDUCATION ASSOCIATION v WALKERVILLE
RURAL COMMUNITIES SCHOOL

Docket No. 91501. Submitted January 7, 1987, at Grand Rapids.
Decided December 21, 1987.

In July, 1985, plaintiff, Walkerville Education Association, the
collective bargaining representative for teachers employed by
the Walkerville Rural Communities School, brought an action
in the Oceana Circuit Court against defendants, Walkerville
Rural Communities School and Walkerville Rural Communities
School Board of Education, seeking enforcement of an arbitra-
tion award granted in September, 1984. The action was filed
about eight months after a dispute arose which plaintiff alleged
was covered by the arbitration agreement. Defendants moved
for summary disposition. The circuit court, Terrence R.
Thomas, J., granted the motion after concluding that plaintiff's
claim was barred by a six-month limitation period. Plaintiff
appealed.

The Court of Appeals *held:*

1. Neither the one-year limitation period of MCR 3.602(I) nor
the six-month limitation period of the public employment rela-
tions act, MCL 423.216(a); MSA 17.455(16)(a), expressly applies
to plaintiff's claim.

2. The trial court did not err in adopting the six-month
limitation period. A six-month limitation period is part of the
public employment relations act and, while not expressly appli-
cable to this action, effectuates the state's express public policy
in favor of prompt resolution of labor disputes in the public
sector. Adoption of the six-month limitation period contributes
to statute of limitation uniformity.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The primary objective of the Court of Appeals in interpreting
statutes is to ascertain the intent of the Legislature.

REFERENCES

Am Jur 2d, Arbitration and Award § 11.

Am Jur 2d, Judicial Councils and Conferences § 4.

Am Jur 2d, Labor and Labor Relations § 550.

Statute of limitations as bar to arbitration under agreement. 94
ALR3d 533.

2. ARBITRATION — CONTRACTS.
   An arbitration proceeding, being based on an agreement, is contractual in nature.

3. LABOR RELATIONS — LABOR DISPUTES.
   It is the express policy of the State of Michigan that the best interests of the people of the state are served by prompt settlement of labor disputes; therefore, a trial court did not err in adopting a six-month period of limitation within which a party may bring an action to enforce an arbitration agreement between a public school district and its employees where no express limitation period is provided by statute (MCL 423.1; MSA 17.454[1]).

*Foster, Swift, Collins & Coey, P.C.* (by *Timothy P. Greeley*), for plaintiff.

*Clary, Nantz, Wood, Hoffius, Rankin & Cooper* (by *John H. Gretzinger* and *Marshall W. Grate*), for defendants.

Before: MACKENZIE, P.J., and SAWYER and J. E. ROBERTS,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order granting defendants' motion for summary disposition on the basis of the statute of limitations. We affirm.

Plaintiff is the collective bargaining representative for teachers employed by the Walkerville Rural Communities School. In 1983, plaintiff filed a grievance regarding the school district's appointment of teachers to extra duty positions for the 1983-84 school year. The dispute concerned the school district's decision to post all extra duty positions annually and to fill those positions from applicants. Plaintiff claimed that the school district was obligated to continue its past practice of allowing teachers, upon being assigned to an extra

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

duty position, to continue in that position from year to year.

The grievance proceeded to arbitration. On September 7, 1984, the arbitrator granted plaintiff's grievance, stating:

> Those teachers who held extra duty positions prior to the beginning of the 1983-1984 school year shall have the right to continue in said positions. Extra duty appointments shall henceforth be handled in accordance with this Opinion and Award.

In November, 1984, the superintendent of the school district offered an extra duty position to one of the aggrieved teachers for the 1984-85 school year. However, based on his interpretation of the collective bargaining agreement executed for the 1984-87 school years, he did not offer the teacher any "release time" from his assigned teaching hours for the extra duty position. Although the school district's past practice was to offer release time, the arbitrator did not address the release time issue because it was not then in controversy. Furthermore, the arbitrator did not address any issue pertaining to the contract for the 1984-87 school years, which was then being negotiated.

In July, 1985, or about eight months after the dispute over release time arose, plaintiff filed suit against the school district and its board of education. Plaintiff alleged that release time was covered by the arbitration award's requirement that past practices continue and, accordingly, sought enforcement of the arbitration award.

Defendants subsequently moved for summary disposition on several grounds. On March 5, 1986, the circuit court granted the motion because plaintiff's claim was barred by a six-month limitation period. In doing so, the circuit court found no

statute or court rule specifically applying to plaintiff's claim, but concluded for policy reasons that the six-month limitation period found in § 16(a) of the public employment relations act, MCL 423.216(a); MSA 17.455(16)(a), should apply.

On appeal, plaintiff claims that the one-year limitation period in the arbitration court rule, MCR 3.602(I), would be a more appropriate limitation period to apply. We disagree.

In reviewing this issue, we first note that neither MCR 3.602(I) nor MCL 423.216(a); MSA 17.455(16)(a) expressly applies to plaintiff's action. We also recognize that our primary objective in interpreting statutes is to ascertain the intent of the Legislature. *Lambard v Saga Food Service, Inc*, 127 Mich App 262; 338 NW2d 207 (1983), lv den 419 Mich 958 (1984). By its own terms, MCR 3.602 applies only to arbitration authorized by Chapter 50 of the Revised Judicature Act, MCL 600.5001 *et seq.;* MSA 27A.5001 *et seq.* Since MCL 600.5001(3); MSA 27A.5001(3) expressly excepts collective labor contracts in respect to the terms and conditions of employment from the statutory arbitration provisions of the act, it follows that the one-year limitation period in MCR 3.602(I) does not apply to plaintiff's claim.

By comparison, PERA does apply to collective bargaining agreements in the public sector. The six-month limitation period in § 16(a), however, applies only to unfair labor practice charges filed with the Michigan Employment Relations Commission. Since an unfair labor practice charge requires the resolution of statutory requirements, it can only be resolved by MERC. See *Bay City School Dist v Bay City Education Ass'n, Inc*, 425 Mich 426; 390 NW2d 159 (1986). Accordingly, the six-month limitation period also does not apply to plaintiff's claim.

An arbitration proceeding, being based on an agreement, is contractual in nature. *Bay City School Dist, supra.* The difficulty in this case arises because of MCL 423.9d; MSA 17.454(10.3), which, while allowing public labor disputes to be resolved by arbitration, does not specify a limitation period for enforcing the arbitration award. Rather, the award rendered "shall be enforceable at law or in equity as the agreement of the parties." MCL 423.9d(4); MSA 17.454(10.3)(4). This requirement suggests that an arbitration award in the public sector should be subject to the six-year limitation period for contracts contained in the Revised Judicature Act, MCL 600.5807(8); MSA 27A.5807(8). This limitation period, although perhaps applicable under strict rules of statutory construction, appears to be an unduly lengthy period for enforcing an arbitration award. This is particularly so when viewed with the statutory declaration that the best interests of the people of this state are served by the prompt settlement of labor disputes. MCL 423.1; MSA 17.454(1). Similar policy considerations, under federal labor law, along with a consideration of the competing interests affected by the limitation period, have led federal courts to adopt the six-month limitation period contained in § 10(b) of the National Labor Relations Act, 29 USC 160(b), for arbitration purposes. See *McCreedy v Local Union No 971, UAW,* 809 F2d 1232 (CA 6, 1987).

We conclude that the trial court did not err in adopting the six-month limitation period. A six-month period is part of PERA; it effectuates the state's express policy in favor of the prompt resolution of labor disputes in the public sector. Adoption of the six-month limitation period also contributes to statute of limitation uniformity.

Affirmed.