ROWRY v UNIVERSITY OF MICHIGAN

Docket Nos. 91292, 91293. Argued April 7, 1992 (Calendar No. 2).
Decided September 22, 1992.

Ezra L. Rowry filed a grievance under a collective bargaining
agreement against the University of Michigan, his employer,
seeking reinstatement following dismissal as a bus driver. After
the grievance had proceeded through the three-step procedure
required under the collective bargaining agreement, it was
submitted to arbitration. The arbitrator found discharge in-
appropriate and ordered Rowry reinstated without back pay.

While the grievance was pending, the plaintiff filed a work-
ers' compensation petition, alleging that he was unable to work
because of an aggravated hernia condition, blood pressure, and
an ulcer condition due to the stress of the job. The petition was
denied. Thereafter, he filed another grievance, which resulted
in another three-step hearing and a denial of that grievance.

The plaintiff then brought an action in the Court of Claims,
seeking to enforce the arbitration award. The court, Peter D.
Houk, J., granted summary disposition for the defendant on the
ground that the lawsuit was barred by a six-month period of
limitation. The plaintiff brought a second action in the Court of
Claims, alleging breach of contract, discrimination under the
Workers' Disability Compensation and the Civil Rights Acts,
and wrongful discharge. The court again granted summary
disposition for the defendant, finding the action barred by the
decision in the first case.

The plaintiff appealed both decisions. The Court of Appeals,
CAVANAGH, P.J., and JANSEN and T. J. LESINSKI, JJ., consoli-
dated the appeals and affirmed in an unpublished opinion per
curiam, relying on *Walkerville Ed Ass'n v Walkerville Rural
Communities School,* 164 Mich App 341 (1987), applying the
six-month period of limitation of the public employees relations
act (Docket Nos. 114413, 118325). The plaintiff appeals.

In an opinion by Chief Justice CAVANAGH, joined by Justices
LEVIN, BRICKLEY, and MALLETT, the Supreme Court *held:*

The plaintiff's cause of action to enforce the arbitration

REFERENCES

Am Jur 2d, Arbitration and Award § 165.
See the Index to Annotations under Arbitration and Award.

award is not barred by the six-month period of limitation applied by the Court of Appeals.

1. MCL 423.1 *et seq.*; MSA 17.454(1) *et seq.,* the labor-mediation act, provides alternatives to resolve labor disputes through mediation and arbitration. After an arbitration award has been rendered, it is enforceable at law or in equity as the agreement of the parties. The act does not expressly limit the period during which a party may enforce an arbitration award. The public employees relations act's six-month limitation period applied by the Court of Appeals, MCL 423.9d; MSA 17.454(10.3), pertains only to actions filed with the Employment Relations Commission. Application of that limitation by analogy is not appropriate in this case. Rather than seeking money damages for breach of contract the plaintiff sought specific performance of the arbitration award. Because a suit for the specific performance is purely an equitable remedy, the Court of Appeals erred in applying by analogy the PERA six-month period of limitation.

2. Two time limitations are applicable to the enforcement of arbitration awards: the six-year period of limitation for breach of contract, and the equitable doctrine of laches, requiring the exercise of due diligence to ensure the timely prosecution of the claim to avoid undue prejudice. Ordinarily, a plaintiff has six years to seek enforcement of an arbitration award. In certain cases this period may be diminished substantially if the arbitration award grants equitable relief and a delay in its enforcement is shown to prejudice the defendant in a way that evokes laches to bar the claim. In this case, because the defendant failed to raise laches in its responsive pleadings or by motion, this affirmative defense was waived. As a result, the claim is governed solely by the six-year period of limitation applicable to a breach of contract. Because the plaintiff's complaint was within this six-year period, he may seek enforcement of the arbitration award.

Justice GRIFFIN, joined by Justice BOYLE, concurring, stated that application of the six-year limitation period in this case will seriously undermine state and federal policies favoring the prompt resolution of labor disputes. Involved here is more than a simple breach of contract or a straightforward refusal to comply with an arbitration award. The plaintiff's cause of action arises out of a collective bargaining agreement between his union and his employer, and includes a grievance procedure designed to effect prompt resolution of disputes. If a policy of prompt resolution of labor disputes is to have meaning, a

relatively short limitation period should govern resort to the courts after exhaustion of a grievance procedure.

Justice RILEY, concurring, stated that because the labor mediation act, the collective bargaining agreement, and the arbitration award do not provide a period of limitation for enforcement of an arbitration award, the six-year period of limitation for breach of contract must apply.

MCR 2.116(C)(6) is designed to stop parties from litigating matters involving the same questions and claims presented in pending litigation. In this case, the plaintiff filed a second lawsuit against the same party, alleging exactly the same events. Because the same claim was being litigated by the plaintiff in the Court of Appeals and in the Court of Claims, the defendant was entitled to summary disposition pursuant to MCR 2.116(C)(6).

Reversed and remanded.

LABOR RELATIONS — ARBITRATION — LIMITATION OF ACTIONS — LACHES.

An action for enforcement of an arbitration award is limited by the six-year period for breach of contract and by the equitable doctrine of laches; application by analogy of the six-month period of limitation provided by the public employees relations act is inappropriate (MCL 600.5807[8], 600.5815; MSA 27A.5807[8], 27A.5815).

*Hurbis, Cmejrek, Clinton & Fernandez* (by *James R. Cmejrek*) and *Kurt Berggren* for the plaintiff.

*Butzel, Long* (by *Virginia F. Metz* and *Lynne E. Deitch*) for the defendant.

Amici Curiae:

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Noel D. Massie*) and *Miller, Canfield, Paddock & Stone* (by *Diane M. Soubly*) for the American Society of Employers and Greater Detroit Chamber of Commerce.

CAVANAGH, C.J. The plaintiff has appealed to this Court raising two issues: (1) whether the

plaintiff's first complaint to enforce an arbitration award ordering the University of Michigan to reinstate the plaintiff is barred by a period of limitation, and (2) whether the plaintiff's second complaint, alleging wrongful discharge, breach of contract, discrimination under the Civil Rights Act, and discrimination under the Workers' Disability Compensation Act, is barred by the first complaint to enforce the arbitration award. We hold that the plaintiff's cause of action to enforce the arbitration award is not barred by the six-month period of limitation applied by the Court of Appeals. Because we resolve the first issue in favor of the plaintiff, we need not reach the second issue. We reverse the judgment of the Court of Appeals and remand the case to the trial court for further proceedings consistent with this opinion.

I

The plaintiff, employed by the University of Michigan as a bus driver since 1973, was discharged in November 1986 for negligently operating his bus. He filed a grievance under his collective bargaining agreement. The agreement has a three-step grievance procedure. The first step requires an employee to notify his immediate supervisor of the particular problem. If an unsatisfactory oral answer is received, step two permits the employee to file a written grievance to the department head, or designated representative, for a written answer. If an unsatisfactory written answer is received, step three requires the submission of a written grievance from the chairperson of his union bargaining committee to the university review committee for a hearing and a written answer. After a grievance has proceeded through the three-step procedure, the grievance may be

submitted to arbitration. The plaintiff's grievance went through the three-step procedure and was taken to arbitration. On April 23, 1987, the arbitrator issued a decision, finding that the plaintiff had operated his bus negligently but that discharge was not an appropriate remedy. The arbitrator ordered the plaintiff reinstated without back pay.

While the plaintiff's grievance was pending, in December 1986, the plaintiff filed a workers' compensation petition, alleging that he was unable to work because of an "aggravated hernia condition, blood pressure and ulcer condition due to stress of job." The plaintiff listed three doctors who had treated him for his condition, Dr. Person-Brown, Dr. Dew, and Dr. Strasius. On May 5, 1987, the defendant's doctor, Dr. Stunz, examined the plaintiff and concluded that "[o]n the basis of my evaluation of this man's hypertension, peptic ulcer disease and hiatus hernia, I do not believe he is disabled from performing any and all duties which might be involved in the performance of his job as a bus driver for the University of Michigan."

Following the examination by the defendant's doctor, the plaintiff sought reinstatement by the university. On May 12, 1987, the university informed the plaintiff that he would have to submit a university physician's statement from the three physicians listed on his workers' compensation petition before he could return to work. The plaintiff submitted a release from Dr. Person-Brown, but not from the other two doctors. Although the defendant had successfully subpoenaed the records of Drs. Strasius and Dew, a further attempt by the plaintiff to be reinstated was again denied. As a result of this denial, the plaintiff filed another grievance on July 24, 1987, which resulted in a third-step hearing being held on August 6, 1987,

and a decision being issued on September 18, 1987. The university review committee found that

> [t]he delays in assessing his ability to return to work are the result of his unwillingness to coöperate in providing the University with necessary medical information on his medical condition. There has been no violation of our Agreement. Therefore, this grievance and requested remedy are denied.

On February 29, 1988, the plaintiff filed a complaint in the Court of Claims to enforce the April 23, 1987, arbitration award. The defendant filed a motion for summary disposition on the ground that the lawsuit was barred by a six-month limitation period. The plaintiff responded with two arguments: First, there was no statutory basis for the six-month period of limitation; and second, even if a six-month period of limitation applied, the lawsuit was brought within six months of the September 18, 1987, decision by the university review committee. The Court of Claims granted the defendant's motion for summary disposition.

The plaintiff filed a second complaint in the Court of Claims, alleging breach of contract, discrimination under the Workers' Disability Compensation Act, discrimination under the Civil Rights Act, and wrongful discharge. The defendant responded with a motion for summary disposition, claiming that another action had been initiated involving the same parties and the same underlying claim.[1] The court granted the defendant's motion for summary disposition of the plaintiff's second complaint.

The plaintiff appealed both decisions. The Court of Appeals consolidated the appeals and affirmed

---

[1] MCR 2.116(C)(6).

the decision of the Court of Claims, relying on
*Walkerville Ed Ass'n v Walkerville Rural Commu-
nities School,* 165 Mich App 341, 345; 418 NW2d
459 (1987). The plaintiff appealed in this Court,
and we granted leave to appeal. 439 Mich 922
(1992).

II

The dispositive issue before this Court is
whether the plaintiff's cause of action is barred by
a six-month period of limitation. We hold that it is
not.

The labor-mediation act, MCL 423.1 *et seq.*;
MSA 17.454(1) *et seq.,* is intended to provide alter-
natives to resolve labor disputes through media-
tion and arbitration. The act provides procedures
for parties to submit disputes to voluntary arbitra-
tion.[2] After an arbitration award has been ren-
dered, the award is "enforceable at law or in
equity as the agreement of the parties."[3] Absent
from the act is any express legislation that limits
the period during which a party may enforce an
arbitration award. Attempting to remedy the ab-
sence of a period of limitation, the Court of Ap-
peals in *Walkerville* borrowed a six-month period
from the public employees relations act (PERA).[4]
Specifically, the Court of Appeals in *Walkerville*
stated:

An arbitration proceeding, being based on an
agreement, is contractual in nature. *Bay City
School Dist* [v *Bay City,* 425 Mich 426; 390 NW2d
159 (1986)]. The difficulty in this case arises be-
cause of MCL 423.9d; MSA 17.454(10.3), which,
while allowing public labor disputes to be resolved

---

[2] MCL 423.9d; MSA 17.454(10.3).

[3] MCL 423.9d(4); MSA 17.454(10.3)(4).

[4] See MCL 423.216(a); MSA 17.455(16)(a).

by arbitration, does not specify a limitation period for enforcing the arbitration award. Rather, the award rendered "shall be enforceable at law or in equity as the agreement of the parties." MCL 423.9d(4); MSA 17.454(10.3)(4). This requirement suggests that an arbitration award in the public sector should be subject to the six-year limitation period for contracts contained in the Revised Judicature Act, MCL 600.5807(8); MSA 27A.5807(8). This limitation period, although perhaps applicable under strict rules of statutory construction, appears to be an unduly lengthy period for enforcing an arbitration award. This is particularly so when viewed with the statutory declaration that the best interests of the people of this state are served by the prompt settlement of labor disputes. MCL 423.1; MSA 17.454(1). Similar policy considerations, under federal labor law, along with a consideration of competing interests affected by the limitation period, have led federal courts to adopt the six-month limitation period contained in § 10(b) of the National Labor Relations Act, 29 USC 160(b), for arbitration purposes. See *McCreedy v Local Union No 971, UAW*, 809 F2d 1232 (CA 6, 1987).

We conclude that the trial court did not err in adopting the six-month limitation period. A six-month period is part of PERA; it effectuates the state's express policy in favor of the prompt resolution of labor disputes in the public sector. Adoption of the six-month limitation period also contributes to statute of limitation uniformity. [*Walkerville*, p 345.]

We disagree. By its terms, the PERA limitation only applies to actions filed with the Michigan Employment Relations Commission.[5] Additionally,

---

[5] MCL 423.216(a); MSA 17.455(16)(a) provides:

Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the commission, or any agent designated by the commission for such purposes, may

the practice of applying statutes of limitation by analogy does not appear to be applicable in this case.

Rather than seeking money damages for breach of contract, the plaintiff in this case seeks specific performance of the arbitration award that orders his reinstatement as an employee of the defendant. In *Keys v Hopper,* 270 Mich 504, 507; 259 NW 319 (1935), this Court recognized that "[a] suit for the specific performance of a contract [is] a purely equitable remedy . . . ." (Citation omitted.) As this Court stated in *Lothian v Detroit,* 414 Mich 160, 170; 324 NW2d 9 (1982),

> [C]ourts traditionally have not bent to the strictures of a statute of limitations where the law does not supply relief analogous to that afforded in equity. Thus, it is said that . . . "where the relief sought is in its nature one of equitable and not of legal cognizance, and the remedy is of a purely equitable nature, equity follows its own rules," *Michigan Ins Co* [*v Brown,* 11 Mich 265, 272 (1863).]

Consequently, we find that the Court of Appeals erred in applying the PERA six-month period of limitation "by analogy" in this case.

III

We do not suggest that an arbitration award can be enforced without limitation. We find two time
_____
issue and cause to be served upon the person a complaint stating the charges in that respect, and containing a notice of hearing before the commission or a commissioner thereof, or before a designated agent, at a place therein fixed, not less than 5 days after the serving of the complaint. No complaint shall issue based upon any unfair labor practice occurring more than 6 months prior to the filing of the charge with the commission . . . .

limitations applicable to the enforcement of arbitration awards.

The first time restriction applicable to the enforcement of an arbitration award is the six-year period of limitation for breach of contract.[6] As this Court has previously recognized, arbitration is a matter of contract.[7] It is the agreement that dictates the authority of the arbitrators and the disputes to be resolved through arbitration.[8] In this case, the arbitration agreement provides that "[t]he arbitrator's decision when made in accordance with his/her jurisdiction and authority established by this Agreement, shall be final and binding upon the University, the Union, and the employee or employees." The university has never challenged the authority of the arbitrator to resolve this labor dispute. Therefore, the university's alleged failure to comply with the arbitrator's decision would constitute a breach of that contractual provision and would be subject to the six-year limitation period for breach of contract.

The second time restriction applicable to this case is the equitable doctrine of laches. As previously noted, the plaintiff is seeking specific performance of his arbitration award and specific performance is a "purely equitable remedy." In defining the scope of the various limitation periods contained in the Revised Judicature Act, MCL 600.5815; MSA 27A.5815 provides:

> The prescribed period of limitations shall apply equally to all actions whether equitable or legal relief is sought. *The equitable doctrine of laches*

---

[6] MCL 600.5807(8); MSA 27A.5807(8).

[7] *KND School Dist v KND Teachers Ass'n*, 393 Mich 583, 587; 227 NW2d 500 (1975).

[8] *Id.*

*shall also apply in actions where equitable relief is
sought.* [Emphasis added.]

In the context of this case, we interpret this statu-
tory provision to require all actions seeking judi-
cial enforcement of arbitration awards to be com-
menced within six years after the award is
granted. Where the award purports to grant relief
that is traditionally equitable in nature, the equi-
table doctrine of laches also applies, requiring the
exercise of due diligence to ensure the timely
prosecution of the plaintiff's claim to avoid unduly
prejudicing the defendant.

While we find authority for this approach in
MCL 600.5815; MSA 27A.5815, we note that this
Court had previously recognized that laches can
operate to cut short a statutory limitation period
when equitable relief is sought. In *Olson v Wil-
liams,* 185 Mich 294, 301; 151 NW 1043 (1915), this
Court stated:

The omission to do what one is by law required
to do to protect his rights, and which justifies a
fair presumption that he has abandoned the same,
under circumstances which misled or prejudiced
an adverse party, may in equity operate as laches
which bar[s] the assertion of such right later under
changed conditions, even though the statute of
limitations has not run.

IV

We hold that a plaintiff ordinarily has six years
to seek enforcement of an arbitration award. We
also recognize that in certain cases this time pe-
riod may be substantially diminished if a
plaintiff's arbitration award grants equitable re-
lief and a delay in its enforcement is shown to

prejudice the defendant in a way that evokes laches to bar the plaintiff's claim.[9]

In failing to raise laches in its responsive pleadings or by motion, the defendant has waived this affirmative defense.[10] As a result of this waiver, the plaintiff's claim in this case is governed solely by the six-year period of limitation applicable to a breach of contract. Because the plaintiff filed his complaint with the Court of Claims well within this six-year period, the plaintiff is entitled to seek enforcement of his arbitration award. Accordingly, we reverse the judgments of the lower courts, and we remand this matter to the trial court for further proceedings consistent with this opinion.

LEVIN, BRICKLEY, and MALLETT, JJ., concurred with CAVANAGH, C.J.

GRIFFIN, J. Reluctantly, I concur in the result reached by the majority. I write separately to express my concern that application of a limitation period of six years, rather than six months, will seriously undermine state and federal policies favoring the prompt resolution of labor disputes.

In its analysis, the majority concludes that the six-year period generally applicable to contract actions[1] is the appropriate limitation period to apply to this plaintiff's action to "enforce" a labor

[9] In this regard, we acknowledge the practical difficulties that an employer may face if required to comply with an arbitration award ordering an employer to reinstate an employee six years after the order was rendered. Enforcing such an award after any period of delay may cause substantial hardship for some employers. In certain circumstances, even a six-month delay may be too long for an employer to hold a position open. Thus, whether laches operates to bar equitable enforcement of an arbitration award before the termination of the six-year limitation period for breach of contract necessarily turns on the individual circumstances of each case.

[10] MCR 2.111(F)(2), (3); *Badon v General Motors Corp,* 188 Mich App 430, 436-437; 470 NW2d 436 (1991).

[1] MCL 600.5807(8); MSA 27A.5807(8).

arbitration award. However, this case involves more than a simple breach of contract or a straightforward refusal to comply with an arbitration award. Plaintiff's cause of action arises out of a collective bargaining agreement between his union and his employer. The agreement establishes a grievance procedure designed to effect the prompt resolution of disputes.[2] Such a procedure is in keeping with a state policy that discourages long delays in the resolution of labor disputes.

When it adopted the labor mediation act,[3] our Legislature stated:

It is hereby declared as the public policy of this state that the best interests of the people of the state are served by the prevention or prompt settlement of labor disputes . . . . [MCL 423.1; MSA 17.454(1).]

This act encourages use of arbitration in the settlement of disputes by providing that an agreement to arbitrate "shall be binding upon the parties,"[4] and stating that the arbitration award "shall be enforceable at law or in equity as the agreement of the parties."[5]

Concern at the state level for rapid resolution of labor disputes is consistent with established policy at the federal level. In *DelCostello v Int'l Brother-*

[2] The collective bargaining agreement establishes a four-step grievance procedure. In step one, the employee "promptly" must give oral notice of the grievance to his immediate supervisor. If the employee receives an unsatisfactory response, a written grievance may be submitted within fifteen days. If a satisfactory response is not received within seven days, the grievance proceeds to step three: written submission of the grievance and a hearing before the university review committee. The fourth step is submission of the dispute to an arbitrator and requires notification within twenty-eight days of an unsatisfactory answer at step three.

[3] MCL 423.1 *et seq.*; MSA 17.454(1) *et seq.*

[4] MCL 423.9d(2); MSA 17.454(10.3)(2).

[5] MCL 423.9d(4); MSA 17.454(10.3)(4).

*hood of Teamsters,* 462 US 151; 103 S Ct 2281; 76 L Ed 2d 476 (1983), the United States Supreme Court rejected the application of an extended state contract limitation period in an action arising from a collective bargaining agreement that provided for grievance resolution through arbitration.[6] The Court explained:

> "This system, with its heavy emphasis on grievance, arbitration, and the 'law of the shop,' could easily become unworkable if a decision which has given 'meaning and content' to the terms of an agreement, and even affected subsequent modifications of the agreement, could suddenly be called into question as much as [three] years later." [462 US 169, quoting *United Parcel Service, Inc v Mitchell,* 451 US 56, 64; 101 S Ct 1559; 67 L Ed 2d 732 (1981).]

Recognizing the importance of stable relationships in the workplace and the need for finality in a collectively bargained grievance procedure, the Court elected to apply the six-month limitation period of § 10(b) of the Labor-Management Relations Act, 29 USC 160(b),[7] "a federal statute of

[6] The *DelCostello* Court considered the application of state contract statutes of limitation to federal "hybrid § 301" actions, in which the employee sues the employer under § 301 of the Labor-Management Relations Act, 29 USC 185, alleging a breach of a collective bargaining agreement. Because most such cases involve a collective bargaining agreement that designates the union as the employee's sole representative, the employee must also allege a breach of the union's duty of fair representation in order to avoid an exhaustion of remedies defense. See *Vaca v Sipes,* 386 US 171, 177-186; 87 S Ct 903; 17 L Ed 2d 842 (1967). In such a case, "[t]he employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach-of-contract suit under § 301 . . . but a hybrid § 301/fair representation claim . . . ." *DelCostello,* 462 US 165.

[7] Section 10(b), governing unfair labor practice charges in the National Labor Relations Board, provides in part "[t]hat no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board . . . ." 29

*e*

limitations actually designed to accommodate a balance of interests very similar to that at stake here . . . ." *DelCostello,* 462 US 169.

In *Samples v Ryder Truck Lines, Inc,* 755 F2d 881, 888 (CA 11, 1985), the United States Court of Appeals for the Eleventh Circuit applied the *Del-Costello* rationale to an employee's action to enforce a labor arbitration award. The court found Georgia's six-year contract limitation period inapplicable because "a grievance arising during the term of a collective bargaining agreement bears little likeness to a common law breach of contract claim." Similarly, in *Int'l Ass'n of Machinists v Allied Products Corp,* 786 F2d 1561, 1564 (CA 11, 1986), the Eleventh Circuit applied the six-month limitation period to a union's action to compel arbitration, explaining that Alabama's six-year limitation period for contract actions "contravenes the federal policy of the prompt resolution of labor disputes."

As I see it, the same rationale counsels against application of a six-year contract limitation period in the instant case. The defendant did not expressly refuse to comply with the arbitration award. Rather, defendant claimed that because plaintiff filed a workers' compensation petition shortly after his discharge, he could not be returned to active employment unless he was physically able to work. Defendant insisted that plaintiff should provide statements from the three physicians listed on his petition.[8] Whether defendant

USC 160(b). Our public employee relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.,* contains a virtually identical provision governing proceedings in the Michigan Employment Relations Commission: "No complaint shall issue based upon any unfair labor practice occurring more than 6 months prior to the filing of the charge with the commission . . . ." MCL 423.216(a); MSA 17.455(16)(a).

[8] In a May 4, 1987, letter, the university stated its position:

was justified in imposing such conditions may depend upon the interpretation to be given to the collective bargaining agreement. Surely, if a policy of prompt resolution of labor disputes is to have meaning, a relatively short limitation period should govern resort to the courts after exhaustion of a grievance procedure.[9]

Although the Legislature has taken pains to declare that it is the public policy of this state to encourage prompt resolution of labor disputes, unfortunately, it has failed to provide suitable statutes of limitations for the implementation of that policy.

I agree with the reasoning set forth in *Walkerville Ed Ass'n v Walkerville Rural Communities School,* 165 Mich App 341; 418 NW2d 459 (1987),[10]

> This informs you and Mr. Rowry that Mr. Rowry has been reinstated, but that Mr. Rowry has a petition pending under the Worker's Compensation Act in which he alleges that he is, and has been, unable to work because of an "aggravated hernia condition, blood pressure and ulcer condition." He also alleges as of December 1, 1986 his disablement is continuing. . . .
>
> As a result, and under these circumstances, the University is in no position to return Mr. Rowry to active work status until such time as his medical condition permits. This determination will be made in the same manner as all other similar type cases.

[9] One possible objection to enforcing a six-month limitation period in actions to enforce an arbitration award is that one party may simply fail to comply with the award, hoping that six months will pass before an action is brought to enforce it. However, I would hold that a cause of action to enforce an arbitration award will normally not accrue on the date the award is issued, but at the time "it becomes evident that one of the parties is violating or ignoring the decision." *United Mine Workers of America, Dist 4 v Cyprus Emerald Resources Corp,* 681 F Supp 271, 278 (WD Pa, 1988).

[10] In *Walkerville,* the panel adopted a six-month limitation period in an action to enforce a labor arbitration award, explaining that "[a] six-month period is part of PERA; it effectuates the state's express policy in favor of the prompt resolution of labor disputes in the public sector." 165 Mich App 345. The panel also considered application of MCR 3.602(I), which provides a one-year limitation period for judicial confirmation of arbitration awards rendered under Chapter 50 of the Revised Judicature Act, MCL 600.5001 *et seq.*; MSA 27A.5001 *et seq.*

and I would adopt it in this case if the Legislature had not provided a residual or "catch-all" statute of limitations requiring:

> All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes. [MCL 600.5813; MSA 27A.5813.]

It is at least arguable that MCL 600.5807(8); MSA 27A.5807(8) does not apply in this case because that subsection establishes a limitation period for "actions to recover damages or sums due for breach of contract,"[11] whereas this plaintiff primarily seeks reinstatement to his position as a bus driver. However, because I conclude that the residual statute is applicable in any event, I am compelled to agree that plaintiff's claim is governed by a six-year limitation period.

Rather than allow a wide disparity to develop in the treatment of similar claims presented by public and private employees, I urge the Legislature to address this issue and to provide a more appropriate period of limitation in keeping with its stated policy of encouraging expeditious resolution of labor disputes.

BOYLE, J., concurred with GRIFFIN, J.

RILEY, J. (*concurring*). I agree with the majority that the Court of Appeals erred in applying the six-month period of limitation to dismiss plaintiff's

---

165 Mich App 344. However, the panel found MCR 3.602 inapplicable because the Legislature has provided that chapter 50 "shall not apply to collective contracts between employers and employees or associations of employees in respect to terms or conditions of employment." MCL 600.5001(3); MSA 27A.5001(3). See also *Badon v General Motors Corp*, 679 F2d 93, 98-99 (CA 6, 1982).

[11] Cf. *Schneider v Fox*, 73 Mich App 595, 597; 252 NW2d 530 (1977).

attempt to enforce his arbitration award.[1] I also agree with the majority that *Walkerville Ed Ass'n v Walkerville Rural Communities School,* 165 Mich App 341; 418 NW2d 459 (1987), was wrongly decided and must be overruled. As the majority has recognized, the only reference in the labor mediation act, MCL 423.1 *et seq.*; MSA 17.454(1) *et seq.*, which applies to the enforcement of arbitration awards is § 9d(4), which provides:

> An award rendered in a proceeding hereunder shall be enforceable at law or in equity as the agreement of the parties. [MCL 423.9d(4); MSA 17.454(10.3)(4).]

Two factors contribute to the conclusion that the six-year provision for breach of contract must apply here. First, as the majority recognized, the Legislature did not provide for an express time frame to enforce arbitration awards in the labor mediation act itself. Therefore, we are left with the belief that the Legislature intended for us to apply the existing six-year period of limitation for breach of contract actions to govern this issue. Second, we have held that "[a]n arbitrator's jurisdiction and authority to resolve a particular dispute concerning the appropriate interpretation of a collective bargaining agreement derives exclusively from the contractual agreement of the parties . . . ." *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143, 151; 393 NW2d 811 (1986). Given that an arbitrator is bound by the terms of the collective bargaining agreement, there is nothing that would have precluded the

---

[1] I join in Justice Griffin's call to the Legislature to address this issue and provide a more appropriate period of limitation in keeping with its stated policy of encouraging expeditious resolution of labor disputes. (*Ante,* p 17.)

parties from establishing a time limitation shorter than six years.[2]

Because neither the labor mediation act nor the collective bargaining agreement (nor the arbitration award itself) provides a statute of limitation to enforce an arbitration award, the six-year period of limitation for breach of contract must apply. MCL 600.5807(8); MSA 27A.5807(8).

I write separately, however, to indicate my agreement with the decision of the trial court and the Court of Appeals to dismiss plaintiff's second lawsuit, which arose out of the same facts that are involved in the instant case, pursuant to MCR 2.116(C)(6).

I

After plaintiff was fired from his job as a bus driver with the University of Michigan, he took the matter to arbitration and won reinstatement without back pay. However, the university did not immediately reinstate him because, while the discharge grievance was pending, plaintiff had filed a workers' compensation petition and another grievance. Plaintiff filed a claim in the Court of Claims, seeking to enforce the arbitrator's decision ten months after that decision was made. In granting defendant's motion for summary disposition, the Court of Claims applied the *Walkerville* six-month statute of limitation and concluded that the statute had begun to run at the time the award was rendered, and that, therefore, he had missed his opportunity to file this claim and enforce the arbitration award. Plaintiff then appealed that decision. While the appeal was pending, plaintiff

---

[2] Public policy does not preclude the parties to a contract to lengthen or shorten the statutory period that the grievant has to enforce an arbitration award. *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co,* 410 Mich 118, 126-127; 310 NW2d 275 (1981).

filed a second lawsuit in the Court of Claims, alleging breach of contract, discrimination under the Workers' Disability Compensation Act, race and age discrimination, and wrongful termination. These claims were based on facts arising out of his first suit to enforce the arbitration agreement.

Defendant then moved for summary disposition pursuant to MCR 2.116(C)(6), which provides for dismissal of a subsequent lawsuit when there is another lawsuit that has been initiated between the same parties involving the same claims as the first suit.[3] The Court of Claims concluded that because the same claims were raised in the first case as in the second, plaintiff's second claim is precluded. The Court of Appeals joined both appeals, dismissed the first on the basis of the six-month *Walkerville* statute of limitation, and the second pursuant to MCR 2.116(C)(6) for the reasons stated by the Court of Claims.[4]

II

MCR 2.116(C)(6), a revision of GCR 1963, 116.1 and former Court Rule No. 18, § 1(d) (1945), is a codification of the former plea of abatement by prior action. *Chapple v Nat'l Hardwood Co,* 234 Mich 296, 297; 207 NW 888 (1926); *Darin v Haven,* 175 Mich App 144, 148; 437 NW2d 349 (1989). The rule is designed to stop parties from endlessly litigating matters involving the same questions and claims as those presented in pending litigation. *Pinel v Campsell,* 190 Mich 347, 351-352; 157 NW 271 (1916); *Chapple, supra* at 298; *Rene J DeLorme, Inc v Union Square Agency, Inc,* 362

---

[3] MCR 2.116(C)(6) expressly provides for dismissal of a case where "[a]nother action has been initiated between the same parties involving the same claim."

[4] Unpublished opinion per curiam of the Court of Appeals, decided March 21, 1991 (Docket Nos. 114413, 118325).

Mich 192; 106 NW2d 754 (1961); *Bisceglia Motor Sales, Inc v Studebaker-Packard Corp,* 367 Mich 472, 474; 116 NW2d 884 (1962). In other words, its purpose is to prevent "litigious harassment" involving the same questions as those in pending litigation. *DeLorme, supra* at 195-196. See also *Chapple, supra* at 298; *Ross v Onyx Oil & Gas Corp,* 128 Mich App 660, 666; 341 NW2d 783 (1983); *Sovran Bank v Parsons,* 159 Mich App 408; 407 NW2d 13 (1987); *Darin, supra* at 148.

As noted above, plaintiff filed his second lawsuit against the same party, alleging exactly the same events in both suits, while his first lawsuit was pending before the Court of Appeals. Plaintiff argues that the two lawsuits could not involve the same claim "when the first Complaint sought only enforcement of an arbitration award, and the Second Complaint sought damages for breach of contract, wrongful discharge, discrimination under the Civil Rights Act, and discrimination under the Workers' Disability Compensation Act." I disagree.

A review of both complaints clearly demonstrates that in each case, plaintiff is in fact making the same claim, i.e., that the university wrongfully refused to reinstate him following the arbitration award.[5]

---

[5] 1 Restatement Judgments, 2d, § 24, p 196, sets forth a broad "transactional approach" where a single transaction will give rise to one claim. Comment a to § 24 explains:

> The present trend is to see claim in factual terms and to make it coterminous with the transaction *regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff;* regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. [*Id.* at 197. Emphasis added.]

The Restatement's position is consistent with our broad approach to claim preclusion, *Gose v Monroe Auto Equipment Co,* 409 Mich 147,

Over a century ago, Justice Cooley recognized that

> when a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action. [*Maclean v Wayne Circuit Judge,* 52 Mich 257, 259; 18 NW 396 (1884).]

See also *Detroit Trust Co v Manilow,* 272 Mich 211, 214; 261 NW 303 (1935); *Zimmer v Byers,* 319 Mich 410, 416; 29 NW2d 838 (1947).

In this case, the Court of Appeals had not disposed of plaintiff's first claim when he filed the second lawsuit asserting the same claim. Because the same claim as was filed in the Court of Claims was being litigated by the plaintiff in the Court of Appeals, defendant was entitled to summary disposition pursuant to MCR 2.116(C)(6) on the authority of *Maclean, Manilow,* and *Zimmer.*

In sum, I agree with the majority that the Court of Appeals erred in applying *Walkerville*'s six-month period of limitation, but did not err in affirming the Court of Claims dismissal of plaintiff's second lawsuit under MCR 2.116(C)(6).

160; 294 NW2d 165 (1980), *Gursten v Kenney,* 375 Mich 330; 134 NW2d 764 (1965), and applicable in this issue.