*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

      Plaintiff-Appellant,

v

COUNTY OF WAYNE, WAYNE COUNTY
ELECTION COMMISSION, and WAYNE
COUNTY BOARD OF CANVASSERS,

      Defendants-Appellees.

UNPUBLISHED
April 13, 2023

No. 364133
Wayne Circuit Court
LC No. 22-013902-AW

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order denying his application for leave to pursue a quo warranto action against defendants under MCL 600.4545. We affirm.

## I. FACTS AND PROCEEDINGS

This case is one of several brought by plaintiff challenging the legitimacy of judicial incumbent candidates on the November 2022 general election ballot for failure to comply with candidate certification requirements. In this action, plaintiff challenges the election of Wayne Circuit Court Judges Patricia Fresard, Kelly Ann Ramsey, Sheila Gibson, and Brian Sullivan, alleging that they were not qualified to be placed on the November 2022 ballot because their preelection Affidavits of Identity (AOIs) left the line for party affiliation blank instead of indicating "nonpartisan."

Previously, in *Davis v Wayne Co Election Comm*, LC No. 22-008866-AW, plaintiff brought claims in the Wayne Circuit Court for a declaratory judgment, a writ of mandamus, and an order to show cause. Plaintiff sought disqualification of incumbent judicial candidates Patricia Fresard and Kelly Ramsey, and nonincumbent judicial candidate Lakena Crespo, on the basis of the omissions in their AOIs. The trial court dismissed this action on the basis of laches because it found that plaintiff delayed pursuing his substantive claims while focusing on which judge should hear his case, and oral arguments on dispositive motions did not take place until after absentee voting had begun. The court found that plaintiff had notice as early as March 2022 that the

-1-

candidates' AOIs were defective, but he waited until July to initiate an action. The court concluded that, because of plaintiff's delay, his circuit court action for a writ of mandamus was barred by the doctrine of laches.

After the election, plaintiff applied to the circuit court for leave to file a complaint for quo warranto against defendants, the County of Wayne, the Wayne County Election Commission, and the Wayne County Board of Canvassers. Plaintiff alleged that he had standing to bring the action under MCL 600.4545(1). Plaintiff alleged that the ballot for the November 8, 2022 election for Third Circuit Court judges included "the names of incumbent judicial candidates who were 'improperly' certified by the Secretary of State to appear as candidates on the November 8, 2022 general election ballot." These were Judges Patricia Fresard, Kelly Ann Ramsey, Sheila Gibson Manning, and Brian Sullivan. Plaintiff asserted that they were improperly certified because their respective AOIs "failed to contain the statement: 'No Party affiliation,' which was required under MCL 168.558(2), as amended." Plaintiff alleged that the Court of Claims and the Wayne Circuit Court had agreed that these candidates were improperly certified by the Secretary of State, and therefore, should not have been allowed to appear on the ballot, but these courts concluded that plaintiff's preelection lawsuits were barred by the equitable doctrine of laches.

Plaintiff alleged that the errors by the Secretary of State and Wayne County Election Commission in allowing these candidates to appear on the ballot impacted the results of the November 8, 2022 general election. Plaintiff stated that he voted for a properly certified write-in candidate who finished in 16th place in the vote count, and if the four improperly certified incumbent candidates had been excluded from the ballot, plaintiff's write-in candidate would have been elected. Therefore, plaintiff maintained that he was able to prove material fraud or error that might have affected the outcome of the election.

Defendants opposed plaintiff's application for leave to file a complaint for a writ of quo warranto on the ground that MCL 600.4545 did not apply to an action to try title to a specific office, and plaintiff lacked standing to bring an action under MCL 600.4505 because he was not a losing candidate. Defendants argued that plaintiff had previously litigated this issue without success, and he should be denied "another bite at the apple."

Although plaintiff argued that defendants were judicially estopped from denying his standing to pursue a complaint for quo warranto because they had asserted in the preelection lawsuit that mandamus relief was not appropriate because plaintiff could seek postelection relief in a quo warranto action, the trial court stated that it did not rely on that argument in the preelection lawsuit, but instead dismissed that lawsuit on the ground of laches. The court found that plaintiff had standing to bring a petition under MCL 600.4505 and MCL 600.4545, but concluded that plaintiff failed to show that "enough votes were tainted by the alleged fraud to affect the outcome." The court found that the defect in the candidates' AOIs was not an error that affected the outcome of the election because the judicial election was nonpartisan and there was no evidence that the omission of a nonpartisan designation on the AOIs changed how the voters chose their candidates. Therefore, the court denied plaintiff's application.

Plaintiff also filed a complaint for quo warranto in this Court, challenging the election of the same incumbent judges on the basis of their defective AOIs. This Court denied the complaint, found that plaintiff "submitted a frivolous pleading and did so for an improper purpose, i.e., to

harass defendants," and found that sanctions were appropriate under MCR 1.109(E)(5)(b) and (c), and (7). *Davis v Wayne Circuit Judge*, unpublished order of the Court of Appeals, entered January 24, 2023 (Docket No. 364222), lv pending.

## II. ANALYSIS

### A. QUO WARRANTO

Assuming, without deciding, that plaintiff had standing to bring a petition under MCL 600.4505 and MCL 600.4545, and made a sufficient showing of "material fraud or error" related to the November 2022 election of judicial candidates for the Wayne Circuit Court, see *Hanlin v Saugatuck Twp*, 299 Mich App 233, 243; 829 NW2d 335 (2013), we conclude that plaintiff's quo warranto application is barred by the doctrine of laches.[1]

"To successfully assert laches as an affirmative defense, a defendant must demonstrate prejudice occasioned by the delay." *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 589; 939 NW2d 705 (2019), quoting *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 538; 847 NW2d 657 (2014). "Estoppel by laches is the failure to do something which should be done under the circumstances or the failure to claim or enforce a right at the proper time." *Wells Fargo Bank*, 304 Mich App at 537 (quotation marks and citation omitted). "A party 'guilty of laches' is 'estopped' from asserting a right it could have and should have asserted earlier." *Home-Owners Ins Co*, 328 Mich App at 589. "The doctrine of laches is founded upon long inaction to assert a right, attended by such intermediate change of conditions as renders it inequitable to enforce the right. The application of the doctrine of laches requires the passage of time combined with a change in condition that would make it inequitable to enforce the claim against the defendant." *Twp of Williamstown v Sandalwood Ranch, LLC*, 325 Mich App 541, 553; 927 NW2d 262 (2018) (quotation marks and citation omitted). "To meet relief under this doctrine, the complaining party must establish prejudice as a result of the delay. Proof of prejudice is essential." *Id*. (quotation marks and citation omitted). The doctrine is applicable only where " 'there is an unexcused or unexplained delay in commencing an action and a corresponding change of material condition that results in prejudice to a party.' " *Dep't of Environmental Quality v Gomez*, 318 Mich App 1, 29; 896 NW2d 39 (2016) (quotation marks and citation omitted). The doctrine of laches may bar a

---

[1] We reject plaintiff's argument that defendants are judicially estopped from challenging his entitlement to bring an action for quo warranto because they suggested in the preelection action that this remedy would be available after the election. "Judicial estoppel is an equitable doctrine, which generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Spohn v Van Dyke Public Schs*, 296 Mich App 470, 479; 822 NW2d 239 (2012) (quotation marks and citation omitted). "[T]he mere assertion of inconsistent positions is not sufficient to invoke estoppel; rather, there must be some indication that the court in the earlier proceeding accepted that party's position as true." *Id*. at 480 (quotation marks and citation omitted). The trial court dismissed plaintiff's mandamus action on the basis of laches. The court did not adopt defendants' position that an action for mandamus was not appropriate because plaintiff had an adequate remedy at law through an action for quo warranto. Therefore, judicial estoppel does not apply.

claim even where the action is brought within the applicable limitations period. *Rowry v Univ of Mich*, 441 Mich 1, 11; 490 NW2d 305 (1992).

Plaintiff's preelection suit was barred by laches because he unreasonably delayed his pursuit of preelection relief, and granting his belated requested relief would have been unduly disruptive to the Secretary of State's election preparation and planning, resulting in significant additional expense and expenditure of resources, and would prejudice the judicial candidates, who had expended significant time, energy, and resources on their judicial campaigns. These same factors do not cease to exist after the election. Indeed, plaintiff's postelection attempt to pursue the same relief would be even more disruptive to defendants and prejudicial to the judicial candidates. Accordingly, we affirm the dismissal of plaintiff's pursuit of postelection relief through quo warranto under the doctrine of laches.

## B. FRIVOLOUS APPEAL

When granting plaintiff's motion to expedite this appeal, this Court directed the parties "to address the issue of whether plaintiff's appeal is frivolous in light of *Davis v Secretary of State*, unpublished opinion of the Court of Claims, issued November 11, 2022 (Docket No. 22-121), and *Davis v Wayne County Election Commission*, unpublished opinion per curiam of the Court of Appeals, issued June 2, 2022 (Docket No. 361546)." *Davis v Wayne Co*, unpublished order of the Court of Appeals, entered December 29, 2022 (Docket No. 364133).

MCR 1.109(E) provides standards for determining if a lower court filing is frivolous. It provides, in pertinent part:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

(7) *Sanctions for Frivolous Claims and Defenses*. In addition to sanctions under this rule, a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). The court may not assess punitive damages.

MCL 600.2591 provides:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

(b) "Prevailing party" means a party who wins on the entire record.

The frivolous claims provisions "impose an affirmative duty on each attorney to conduct a reasonable inquiry into the factual and legal viability of a pleading before it is signed." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 731; 909 NW2d 890 (2017). "The reasonableness of the attorney's inquiry is determined by an objective standard." *Id*. "The purpose of imposing sanctions for asserting a frivolous action or defense is to deter parties and their attorneys from filing documents or asserting claims or defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *Id*. at 731-732. "A court must determine whether a claim or defense is frivolous on the basis of the circumstances at the time it was asserted." *Id*. at 732.

In *Davis v Wayne Co* (Docket No. 361546), unpub op at 4-5, this Court rejected plaintiff's allegations of defects in the AOIs of candidates Nicholas Hathaway and Kiefer Cox because the AOIs contained sufficient information to indicate that candidates Hathaway and Cox were running for the office of judge in the Third Circuit Court for Wayne County, and to sufficiently identify candidate Hathaway by name. This Court concluded that MCL 168.552(3)(c) did not require a candidate to list a former name where the candidate's name was changed because of marriage. *Id*. at 5. Thus, the AOIs were not actually defective. In the Court of Claims case (Docket No. 22-121), the court held in the companion case in LC No. 22-000163 that plaintiff's claim for

mandamus was barred by laches, particularly where plaintiff alleged only "technical" defects, which were unrelated to the candidates' constitutional qualifications.

We are not persuaded that these cases demonstrate that the instant appeal is frivolous. Nor can we conclude that any of the conditions in MCL 600.2591(3)(a) are met. In *Berry v Garrett*, 316 Mich App 37, 40; 890 NW2d 882 (2016), the defendants won the 2016 primary election for Plymouth Township's trustee and supervisor; however, their AOIs failed to provide a precinct number as required by statute, so the plaintiff voter sought a writ of mandamus. This Court concluded that the plaintiff was entitled to mandamus, rejecting the defendants' argument that the candidates' noncompliance was "a 'small detail' that should be overlooked" because it was not the Court's "role to make policy decisions regarding which of the Legislature's mandates can be ignored as insignificant." *Id*. at 50-51. Similarly, in *Moore v Genesee Co*, 337 Mich App 723, 729-730; 976 NW2d 921 (2021), this Court held that an applicant who failed to check the box confirming her United States citizenship was a "critical error" rendering her AOI facially invalid, and precluding county officials from certifying her candidacy.[2] Thus, we cannot conclude that plaintiff's claim was devoid of arguable legal merit or that he had no reasonable basis to believe that the underlying facts were true, or that the action was meant to harass the other parties. As such, we do not believe that an award of sanctions for filing a frivolous action is appropriate in this matter.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello

---

[2] We note that in *Davis v Highland Park City Clerk*, unpublished per curiam opinion of the Court of Appeals, issued June 2, 2022 (Docket No. 361544); slip op at 1-2, the instant plaintiff filed suit for a writ of mandamus for the defendants to remove the name of a mayoral candidate from a primary ballot for the same AOI defect as the instant case. This Court held that the plain language of MCL 168.558(2) required a candidate running for a nonpartisan office to state in the AOI that he had no party affiliation, therefore the candidate was ineligible to be placed on the ballot, and the trial court abused its discretion in denying the writ of mandamus and not ordering the defendants to not place the candidate on the ballot. *Id*. at 3-4. Unpublished opinions do not have precedential value, MCR 7.215(C)(1), but may be considered persuasive authority. *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 42 n 10; 761 NW2d 151 (2008).